## HARDWICK REALTY CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Second Circuit. December 3, 1928.

No. 63.

Manton, Circuit Judge, dissenting.

Brison Howie, of New York City (Frank S. Bright, of Washington, D. C., of counsel), for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., and Sewall Key and Millar E. Mc-Gilchrist, Sp. Asst. Attys. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Shelby S. Faulkner, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). The taxing statute involved in this controversy is the Revenue Act of 1918 (40 Stat. 1057). By section 230 corporations are taxed upon their "net income"; by section 232 this term is declared to mean the gross income as defined in section 233, less the deductions allowed by section 234; by section 233 the definition of "gross income" is referred back to section 213, and is found to include "gains, profits, and income derived from * * * sales * * *"; and by section 202 is provided the basis for determining such gains, as follows:

"Sec. 202(a) That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be * * * (2) In the case of property acquired on or after that date [March 1, 1913], the cost thereof. * * *"

Section 234 provides for deductions, and among others for an allowance for depreciation:

"Sec. 234(a) That in computing the net income of a corporation subject to the tax imposed by section 230, there shall be allowed as deductions: * * * (7) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. * * *"

It is the contention of the taxpayer that, unless there is taxable income exclusive of deductions for depreciation, the above-quoted provisions of section 234 are inapplicable, and that only to the extent that a taxpayer has actually received credit for depreciation by a reduction of taxable income can depreciation allowances be used in figuring the gain derived from a sale of property. As applied to the facts at bar, appellant concedes that depreciation allowances to the extent of $5,100, the amount of income upon which it would have been taxable prior to the year 1920, if depreciation had not been deducted, may be subtracted from the cost of the property in order to determine the amount of its gain from the sale in 1920; but it denies that any greater sum may be considered as depreciation. In the opinion of a majority of the court, not only does this contention misconceive the theory upon which depreciation is used in computing the gain derived from a sale of property, but it has been definitely determined adversely to the appellant by the Supreme Court in United States v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 71 L. Ed. 1054.

In that case the taxpayer sold in 1917 certain oil properties purchased in prior years. The original cost was approximately $96,000, of which $31,000 was the cost of equipment and $65,000 the cost of the oil reserves. To compute gain derived from the sale of the properties, the Commissioner deducted some $10,000 on account of depreciation of the equipment and some $32,000 on account of depletion through the removal of oil after March 1, 1913. The aggregate for depreciation and depletion claimed by Ludey in his income tax returns for the years 1913 to 1916, inclusive, and allowed, was only $5,000. He insisted that more could not be deducted from the original cost in making the return of his 1917 income. The court held otherwise, saying (page 303 of 274 U. S. [47 S. Ct. 611]):

"* * * The contention is unsound. The amount of the gain on the sale is not dependent on the amount claimed in earlier years. If in any year he has failed to claim, or has been denied, the amount to which he was entitled, rectification of the error must be sought through a review of the action of the Bureau for that year. He cannot choose the year in which he will take a reduction. * * * Congress doubtless intended that the deduction * * * should be the ag-

gregate amount which the taxpayer was entitled to deduct in the several years."

The theory upon which depreciation is taken into account in determining profit on sales is clearly explained by Mr. Justice Brandeis at page 300 of 274 U. S. (47 S. Ct. 610):

"* * * Congress, in providing that the basis for determining gain or loss should be the cost or the 1913 value, was not attempting to provide an exclusive formula for the computation. The depreciation charge permitted as a deduction from the gross income in determining the taxable income of a business for any year represents the reduction, during the year, of the capital assets through wear and tear of the plant used. * * * When the plant is disposed of after years of use, the thing then sold is not the whole thing originally acquired. The amount of the depreciation must be deducted from the original cost of the whole in order to determine the cost of that disposed of in the final sale of properties. Any other construction would permit a double deduction for the loss of the same capital assets."

It is urged that the Ludey Case is not controlling, because there the taxpayer was in receipt of income from which the allowance for depreciation could have been deducted. Whether this is true does not appear from the report, but in any event it is immaterial to the principle laid down in the opinion. The theory that each year a certain amount of the property is used up, so that only the balance remains thereafter to be sold, renders entirely unimportant whether the operation of the property produces a profit or a loss during a given year. If the loss by depreciation—that is, the wear and tear—cannot be recouped for tax purposes, by using it to reduce gross income because the income is not enough, that loss cannot be reserved for use in a future year, except to the limited extent permitted by section 204(b) of the act, and to the extent permitted the taxpayer's loss in 1919 was used to diminish its taxable income in 1920. But the fact that the taxpayer does not get the benefit of the deduction in his yearly tax does not mean that the loss was not sustained, nor that his capital assets were not correspondingly reduced. In accord with the judgment below, see Appeal of Even Realty Co., 1 B. T. A. 355, cited with approval in the Ludey Case; Rieck v. Heiner, 20 F.(2d) 208 (D. C. Pa.), affirmed 25 F.(2d) 453 (C. C. A. 3).

The precise amount of depreciation in a given year can only be estimated; hence the provision for "a reasonable allowance." In its annual returns the taxpayer claimed certain allowances for depreciation. No question is now raised as to the amount of these allowances, provided depreciation in excess of taxable income may be considered at all. The principle of the Ludey decision has authoritatively settled that it may.

Accordingly, the judgment is affirmed.

MANTON, Circuit Judge, dissents.