FIDELITY-PHILADELPHIA TRUST CO., TRUSTEE, ESTATE OF JACOB K. SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30698.   Promulgated November 9, 1929.

*John B. Peery, C. P. A.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

44

**OPINION.**

TRAMMELL: The petitioner contends that in determining the profit from the sale of the properties the respondent erred in reducing their March 1, 1913, value by the amount of $42,185 representing depreciation sustained from March 1, 1913, to December 31, 1922.

In support of this contention the petitioner relies upon the fact that prior to the Revenue Act of 1924 none of the Revenue Acts contained a specific provision requiring that in determining the profit or loss from the sale of property the cost or March 1, 1913, value of such property should be reduced by the amount of depreciation sustained prior to the sale. The petitioner also relies upon the fact that the respondent's regulations issued under the Acts of 1913, 1916, and 1917 inhibited any deduction for depreciation of the capital assets of a trust unless the trust instrument required the conservation of the corpus of the estate.

In *United States* v. *Ludey*, 274 U. S. 295, it was held under the Revenue Act of 1916, as amended by the Revenue Act of 1917, which contained no specific provision relating to the reduction of the March 1, 1913, value or cost by the amount of depreciation sustained in determining the profit or loss from the sale of property, that the basis, cost or March 1, 1913, value, should be reduced by the aggregate amount of depreciation which the taxpayer was entitled to deduct from gross income in his income-tax returns for earlier years. This brings us to the question of whether the petitioner was entitled to a deduction for depreciation in any of the years from March 1, 1913, to December 31, 1922.

In *Pennsylvania Co. for Insurance, etc., Trustee*, 10 B. T. A. 428, wherein was involved a similar question to that presented here, we considered at length the provisions of the Revenue Acts of 1913, 1916, 1917, and 1918 relating to the manner in which trustees were authorized to compute the net income. There we said:

It will be observed that in the 1913 Act a trustee was given authority in making the return for those for whom it acted, to compute the net income according to the provisions applicable to individuals. It will be further observed that in the Acts of 1916, 1917 and 1918, a trustee was given the authority to compute the net income of the trust in the same manner as an individual; in other words, the trustee was allowed the same deductions, with the exception of one deduction specified in the 1918 Act, and which is not here material, as an individual.

The Revenue Acts of 1913, 1916, 1917, and 1918 provided for a depreciation deduction in case of individuals. While the language employed in the various statutes is not identical, it is substantially the same. In all of the acts an individual was given the right to deduct a reasonable allowance for exhaustion, wear and tear of property arising out of its use or employment in business.

In that case we also considered the respondent's regulations interpreting the provisions of the acts therein previously considered with respect to deductions for depreciation by trustees, and there said:

The most casual examination of the above-quoted provisions of the pertinent regulations discloses that depreciation deductions were denied a trustee under the 1913, 1916, and 1917 Acts only where the trust instrument did not require the conservation of the corpus of the estate. Under the 1918 Act, depreciation deductions could be taken in determining the net income of the estate or trust.

Article 347, Regulations 45, as amended, has been approved by us in *Louise P. V. Whitcomb et al.,* 4 B. T. A. 80.

From the foregoing, we think it is clear that the petitioner was entitled under both the Revenue Act of 1918 and the respondent's regulations interpreting that Act to a depreciation deduction for the years covered by the Act of 1918. With respect to the years prior to 1918, we found in the *Pennsylvania Co.* case, *supra,* that under the Acts of 1913, 1916, and 1917 a trustee was authorized to compute net income in the same manner as an individual and also found that these acts provided for a depreciation deduction in the case of individuals. From this we think it must follow that under these acts trustees were entitled to depreciation deductions. Having reached this conclusion we think that the respondent's regulations under these acts denying depreciation deductions where the trust instrument did not require the conservation of the corpus of the estate were not in conformity with the terms of the acts.

Having considered the deductibility of depreciation by trustees under acts prior to 1921, we will now consider the taking of such deductions by trustees under that Act. The Act of 1921 provides:

SEC. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

\*          \*          \*          \*          \*          \*          \*

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, \* \* \*.

Article 341 of Regulations 62, interpreting the above quoted provision of the Act, is in part as follows:

While certain estates and trusts are subject to tax as such and others are not, the fiduciary in every case is required to make a return of income. See section 225 of the statute and articles 421–425. The net income of an estate or trust shall be computed in the same manner and on the same basis as the net income of an individual, except that in place of the deduction allowed individuals of certain gifts or contributions there may be deducted without limitation, from the gross income any part of it which during the taxable year is pursuant to the will or trust deed paid or permanently set aside in the manner specified in section 214 (a) (11).

Inasmuch as the Revenue Act of 1921 provides for a depreciation deduction in case of individuals and as the pertinent provision of section 219 of that Act is identical with that of 1918, we think that trustees were entitled under the Revenue Act of 1921 to take a deduction for depreciation.

The provisions of the will under which the trustee in the instant case was operating do not provide for keeping the corpus of the estate intact. While the evidence does not show whether the petitioner took any deductions in its income-tax returns for depreciation, the petitioner contends that under the Pennsylvania statute

against accumulations it could not and did not charge any depreciation against the capital assets of the trust and that, this being true, no depreciation was allowable under the respondent's regulations and therefore the trust was not entitled to any depreciation deduction. Being of the opinion, as we are, that the trustees were entitled to take deductions for depreciation under the Revenue Acts from 1913 through 1921, inclusive, irrespective of whether the will provided for the conservation of the corpus of the trust estate, we think the petitioner here was entitled under the statute in effect to deductions from March 1, 1913, to December 31, 1922, in the aggregate amount of $42,185 as agreed upon by the parties and as set out in our findings of fact. In the petition the petitioner alleges that no deduction for depreciation was taken in any of its income-tax returns, but as this was denied by the respondent's answer, and no evidence was introduced on this point, we are unable to say whether any depreciation was taken. The amount taken, however, is immaterial under the decision in *United States* v. *Ludey, supra*. It is the amount to which the petitioner was entitled by law that is to be used in reducing the basis, cost or March 1, 1913, value, in determining profit or loss.

Granting that the Pennsylvania statute prevented the petitioner from deducting an amount representing depreciation from the income to which the life tenants were entitled under the will before distributing such income to them, this would not prevent the petitioner from taking the benefit of such deduction as had been provided by law when filing the income-tax return for the trust. *Mary S. Aldridge, Executrix*, 64 Ct. Cls. 424; *Davis* v. *United States*, 27 Fed. (2d) 630. Under the decision in the *Ludey* case, *supra*, the respondent properly reduced the March 1, 1913, value by the depreciation allowable by law, that is, the amount of $42,185.

*Judgment will be entered for the respondent.*