### KOEPFLI v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5955.

Circuit Court of Appeals, Ninth Circuit.
June 20, 1930.

Claude I. Parker and Ralph W. Smith, both of Los Angeles, Cal. (George H. Koster, of Los Angeles, Cal., of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to the Atty. Gen. (C. M. Charest, Gen. Counsel, and Dewitt M. Evans, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before DIETRICH and WILBUR, Circuit Judges, and NORCROSS, District Judge.

NORCROSS, District Judge.

This is a petition to review orders of the United States Board of Tax Appeals, redetermining income taxes of petitioners for the year 1922. The controlling facts are conceded, and a question of law is presented whether or no, in determining the gain in 1922 on the sale of property acquired prior to March 1, 1913, when the basis is cost or March 1, 1913, value, whichever is greater, it is required under section 202 (b) of the Revenue Act of 1921 (42 Stat. 229) that the cost basis be reduced by depreciation accrued or sustained prior to March 1, 1913.

In 1905 petitioners purchased a tract of 6.24 acres of land in the city of Los Angeles for a consideration of $94,610.74. In 1907 they put up a concrete building on the property at a cost of $94,134.19. During the following two years other improvements were erected at a cost of $5,565.65. The property, inclusive of land and improvements, was sold in 1922 for $500,000; the net to petitioners being $476,179.90. The respondent determined the March 1, 1913, value of the property to be $345,463.54, resulting in a net taxable gain of $152,901.39, or $50,967.13 to each of the appellant partners. Petitioners appealed from the Commissioner's determination to the United States Board of Tax Appeals. The Board determined that the Commissioner should have taken the value of the land as of March 1, 1913, shown to have been $382,707.80, and to that should have added the depreciated value of the improvements as of that date, and the total would be the value of the property for the purpose of a basis for determining the amount of taxable gain. The fair market value of the improvements as of March 1, 1913, was found to be $88,401.91, representing a deduction from the cost price for depreciation of $11,297.93.

The portion of the Revenue Act of 1921 material to this case reads:

"Sec. 202 (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; * * *

"(b) The basis for ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, acquired before March 1, 1913, shall be the same as that provided by subdivision (a); but

"(1) If its fair market price or value as of March 1, 1913, is in excess of such basis, the gain to be included in the gross income shall be the excess of the amount realized therefor over such fair market price or value."

The fair market value of the property in question on March 1, 1913, was materially greater than the combined cost of the land and improvements. The effect of appellants' contention is that the "fair market * * * value as of March 1, 1913," is to be determined by taking the increased value of the land and the cost of the improvements. The property sold was the land with the improvements, and the whole was realty. The statute is dealing with the question of "the gain derived or loss sustained from a sale or other disposition of property." There is nothing in the statute itself requiring the value of the property as of March 1, 1913, to be determined in accordance with the contention of appellants. Where the value of property consisting of land and improvements is to be determined as of a certain date, manifestly any depreciation in the value of the improvements occasioned by usage or otherwise is a matter to be considered. It is the value of the property as a whole which is to be determined.

Appellants contend that, because the act of 1921 was silent with respect to depreciation of improvements, and the subsequent acts of Congress of 1924 and 1926 (43 Stat. 253, 44 Stat. 9) expressly made provision for taking into account such depreciation, Congress intended, when it adopted the 1921 statute, to exclude from consideration any deduction from the cost of improvements, constructed prior to March 1, 1913. Prior to the said act of 1924, Regulation 62 of the Treasury Department, among other matters, contained the following provision:

"In any case proper adjustment must be made in computing gain or loss from the exchange or sale of property for any deprecia-

tion or depletion sustained and allowable as a deduction in computing net income."

It is conceded by counsel for appellants that the action taken by the Board of Tax Appeals finds support in the Treasury Department regulations, but it is urged that regulations are without force where they are in conflict with express statutory provision. Department regulations, to have the force of law, must be within limits prescribed by Congress. United States·v. Grimaud, 220 U. S. 506, 31 S. Ct. 480, 55 L. Ed. 563; United States v. Morehead, 243 U. S. 607, 37 S. Ct. 458, 61 L. Ed. 926; United States v. Johnson (D. C.) 35 F.(2d) 256. The regulation in question does not appear to be in conflict with the provisions of the act of 1921.

Counsel for appellants cite excerpts from reports of the Ways and Means Committee of the House of Representatives, recommending passage of the said acts of 1924 and 1926, the reports of the Senate Finance Committee adopting the same, or substantially the same, language. It is claimed that these reports establish that Congress recognized that depreciation upon improvements prior to March 1, 1913, was not provided for under the statute of 1921.

The report of the House Committee recommending adoption of the 1924 statute contains this statement:

"There is no provision in the existing law which corresponds to this section (202) of the bill. The purpose in embodying in the law this section is to show clearly the method of determining the amount of gain or loss from the sale or other disposition of property * * *

"(2) There is no provision in the existing law which corresponds to subdivision (b), but the rule laid down therein is substantially the same as the construction placed upon the existing law by the Treasury Department. * * * Under this provision * * * items such as depreciation and obsolescence previously allowed with respect to the property are to be subtracted from the cost of the property in determining the gain or loss from its subsequent sale."

From this it would appear that it was the view of the Congressional Committee that the act of 1924 was specifically expressing what was implied by the act of 1921, and as so construed by the Treasury Department.

The reports of the Senate and House Committees recommending passage of the act of 1926 contain the following statement:

"When property is acquired prior to March 1, 1913, the present law provides that

608

in the case of a sale of such property the basis for determining gain or loss shall be cost or March 1, 1913, value, whichever is higher; and also provides that in making adjustments for depreciation, etc., proper adjustment shall be made for depreciation, etc., 'previously allowed.' Owing to the fact that there was no income tax prior to March 1, 1913, in cases where property was acquired prior to that date no depreciation has been 'allowed,' and the taxpayer may receive too large a basis for determining gain or loss. The amendment proposed provides that the deductions for depreciation, etc., to be made in such cases shall be such deductions as were actually sustained with respect to such prop¹ erty, which would include such depreciation as had occurred prior to that date."

The Revenue Act of 1924 contains the following provision:

"(b) In computing the amount of gain or loss under subdivision (a) proper adjustment shall be made for (1) any expenditure properly chargeable to capital account, and (2) any item of loss, exhaustion, wear and tear, obsolescence, amortization, or depletion, previously allowed with respect to such property." 43 Stat. 255, § 202(b), 26 USCA § 933.

· It-is clear, we think, from the Committee reports recommending adoption of the 1926 act that it was found necessary or advisable to eliminate the expression "previously allowed" as it was contained in the statute of 1924. As there had been no occasion for allowing depreciation prior to March 1, 1913, because there was no income tax prior to that date, the expression "previously allowed" in the 1924 statute had occasioned doubt or confusion as to whether or no depreciation occurring prior to March 1, 1913, could be considered. However, it does not follow therefrom that the statute of 1921 properly construed did not authorize and require a deduction for depreciation in improvements occurring prior to March 1, 1913, in determining the gain on improved real property acquired and improved prior to such date and subsequently sold. It is our opinion that the act of 1921 should be so construed. While the question here involved was not directly presented in the case of United States v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 71 L. Ed. 1054, the opinion in that case is authority for the principle that the reduction of the cost basis by depreciation may be required without express provision therefor in the revenue act.

Orders affirmed.