## FIDELITY–PHILADELPHIA TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4429.

Circuit Court of Appeals, Third Circuit.

Feb. 7, 1931.

Rehearing Denied March 5, 1931.

Robert T. McCracken and C. Russell Phillips, both of Philadelphia, Pa., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Norman D. Keller and Morton Poe Fisher, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and De Witt M. Evans, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

Jacob K. Smith, who died in 1884, devised his real estate to a trustee to be held and, when occasion should arise, to be sold and the proceeds held under the trusts and distributed upon the happening of a future event.

In 1923 the trustee, petitioner in this case, sold several tracts of improved real estate, the buildings on which had an agreed value of $214,500.00 as of March 1, 1913. In its income tax returns through the years the trustee had not made deductions for depreciation and in calculating profits on the sale of real estate in the tax return in question, it deducted nothing for the depreciation which had normally grown since March 1, 1913, nor had the beneficiaries ever made deductions to cover depreciation. The Commissioner, in determining the income tax due by the trust estate for 1923 under the Revenue Act of 1921 (42 Stat. 227), estimated a depreciation of 2% on the 1913 value of the buildings for 9⅚ years, or from March 1, 1913 to December 31, 1922, aggregating $42,185.00. He deducted this sum from the agreed 1913 value and thereby increased the sales profits and, correspondingly, the income tax for that year. The question is whether this deduction was right.

The petitioning trustee rests its case generally on the fact that prior to the Revenue Act of 1924 (43 Stat. 253) no specific provision of law *compelled* the deduction of depreciation, which had accrued prior to sale, from the cost or March 1, 1913 value of property sold as a basis for determining the profit on such sale, and rests its case particularly on a distinction made in the law, or to be made in this court's interpretation of the law, between deductions for sustained depreciation made by individuals, personal or corporate, in estimating profits from sale in their income tax returns and like deductions made by trustees. Indeed, the petitioner makes the distinction on the threshold of its argument as follows:

"At the beginning of this argument we wish to state frankly that we have no purpose to try to establish the principle that, under the ordinary circumstances surrounding the sale of capital assets *by individuals and corporations,* sustained depreciation is not to be given effect. This would be contrary to the law, as interpreted by the Board as well as the courts.

"Our aim is to show the court that where property *is devised in trust,* the income being paid to a life beneficiary, with remainder over to others, and where this income, without deduction for depreciation, is paid to the life beneficiary, and where the trust property is sold by the trustee, the basis for profit or loss on such sale is not properly to be adjusted by theoretical depreciation sustained subsequent to the basic date."

Although this entirely correct statement of the question of law involved in this case contains a concession that deduction of sustained depreciation in ascertaining profits from the sale of improved real estate for income tax purposes is the law with respect to individuals, we must look at the law more closely in order to discern the distinction—in legal effect an exception to the general rule—which the petitioner says exists with respect to trust estates.

The Revenue Act of 1926 is perhaps the first Revenue Act which provides in terms that in computing loss or gain from the sale of property a deduction for depreciation shall be made from the original cost or 1913 value. The mandatory words of this Act (44 Stat. 11, § 202(b), 26 USCA § 933(b) refer to deductions for depreciation "allowable" in respect to such property, differing from the words in the Revenue Act of 1924—though perhaps not differing in legal effect—where the deduction is for depreciation "allowed" (43 Stat. 255, § 202[b]). All prior revenue acts—1913 to 1921 inclusive—are silent on the subject of sustained depreciation being used to reduce the basis for profit or loss on sales, whether such basis be cost or March 1, 1913 value. Thus on the face of the statutes there would seem to be a serious question whether an individual (distinguished from a trustee) should be compelled to adjust his profits on a sale of real property to the depreciation accruing in the preceding years. However perplexing that question may be, the Supreme Court has answered it in the case of United States v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 610, 71 L. Ed. 1054, where on the same question arising under the silent Revenue Act of 1917 the court (dealing with oil property) held that while neither that act nor any prior revenue act expressly required deduction for depreciation in estimating profits, all Acts permitted it and accordingly the deduction should be computed (certainly in case of individuals) whether claimed or not, in order accurately to determine the real profit derived or loss sustained from a sale, and, accordingly, the real tax due. Continuing, the court said: "We are of opinion that the revenue acts should be construed as *requiring* deductions for both depreciation and depletion when determining the original cost of oil properties sold," on the theory that the property when sold is not the whole property originally acquired and that the amount of depreciation must be deducted from the original cost (or value) of the whole in order to determine the cost of that disposed of in the final sale. Therefore the only thing that distinguishes this case in respect to depreciation from the Ludey Case is that the owner of the property in that case was a corporate individual while the owner of the property in the instant case is a trustee.

The petitioner maintains that, as a trustee, first, it was not entitled and therefore not required by federal statute and regulations to make the deduction of depreciation, and next, it was not permitted, because of a state statute, to make it.

As to federal statutes, the pertinent revenue act, that of 1921, c. 136, 42 Stat. 227, provides by section 202 the basis for ascertaining the gain derived or loss sustained from the sale of property, and by section 214(a) gives the taxpayer an allowance for depreciation. From these provisions, were there nothing more in the statute, it might be thought that they embraced only property of individuals, personal and corporate. But the Act immediately dispels all doubt by providing (section 219a and b) that the tax imposed (by sections 210 and 211) "shall apply to the income of estates or of any kind of property held in trust, * * *" and that "the net income of the estate or trust shall be computed in the same manner and on the same basis as provided by section 212, * * *" which defines net income as gross income (section 213) "less the deductions allowed by section 214," which includes a deduction for depreciation. Thus it is clear that by the literal terms of the statute such a deduction by a trust estate was allowed and it is equally clear by the decision in the Ludey Case that, being allowed or permitted, it should be made. Hardwick Realty Co. v. Commissioner (C. C. A.) 29 F.(2d) 498. If, however,

the trustee, as in this case, chose not to include the factor of depreciation in its annual income tax returns, its failure to deduct the depreciation sustained through the years in estimating its profits on sales produced inevitably an inaccurate result because on property purchased before March 1, 1913 and not sold until 1923 some depreciation must actually have set in. If the trustee be allowed to figure its profit on the non-depreciation basis of the 1913 value, it will, in figures, show a smaller profit than it actually made and, accordingly, it will return a smaller tax. Therefore, unless there is some characteristic about a trust estate which distinguishes it from an estate of an individual, the trustee should report annual depreciation and deduct it annually from income or, failing that, stand prepared to have it deducted for the whole period at the time of sale. And, as we have said, there is no reason in federal law why a trust should not thus be subjected to a tax on a profit, calculated on the same basis that a profit is calculated with respect to an individual.

■ The petitioner's next contention is that under the regulations issued from time to time by the Commissioner of Internal Revenue to the effect that under the Acts of 1913, 1916 and 1917 (38 Stat. 114, 39 Stat. 756, 1000) deductions for depreciation in determining taxable income of fiduciaries were not allowed except when the trust instrument made specific provision for keeping the corpus of the estate intact, and that, accordingly, the right to deduct was denied it through those years. However that may be, and whether the regulations were validly explained or ruled in Pennsylvania Co. v. Commissioner, 10 B. T. A. 428, such regulations are subordinate to the revenue act and, like the Act itself, are finally controlled by the decision in the Ludey case.

■ And, lastly, the petitioner maintains that deductions of depreciation were not available to it and therefore not binding upon it because of the Pennsylvania Act of April 18, 1853,. Section 9 (P. L. 503 [20 PS § 3251]) which forbids accumulations in trust estates and therefore made it impossible for the trustee to set aside a reserve for depreciation and made it unlawful for it to make deductions of depreciation from year to year and unlawful for the Commissioner to allow them. However that law may operate in the State of Pennsylvania, it cannot prevent the United States charging off depreciation and deducting it in an income tax calculation when the federal statute allows and requires it to be deducted. It is well settled that a state law cannot be given an effect for tax purposes which conflicts with the provisions of a federal revenue law and defeats the collection of the tax. United States v. Robbins, 269 U.. S. 315, 46 S. Ct. 148, 70 L. Ed. 285; Burk-Waggoner Oil Ass'n v. Hopkins, 269 U. S. 110, 46 S. Ct. 48, 70 L. Ed. 183; Weiss v. Weiner, 279 U. S. 333, 337, 49 S. Ct. 337, 73 L. Ed. 720. In other words, a state law cannot deprive a trustee of a deduction to which he is entitled or with which he is charged under federal law, nor can it deprive the United States of a tax which under federal law is based in part on such a deduction.

The order is affirmed.