## JONES v. COMMISSIONER OF INTERNAL REVENUE. *

No. 9863.

Circuit Court of Appeals, Eighth Circuit.
July 5, 1934.

Frank Y. Gladney, of St. Louis, Mo. (Jones, Hocker, Sullivan, Gladney & Reeder, of St. Louis, Mo., on the brief), for petitioner.

*Rehearing denied Oct. 15, 1934.

John MacC. Hudson, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before SANBORN and WOODROUGH, Circuit Judges, and DEWEY, District Judge.

SANBORN, Circuit Judge.

This is a petition to review an order of the United States Board of Tax Appeals redetermining a deficiency in income taxes of the petitioner for the year 1926.

The sole question involved is the amount of taxable income received by the taxpayer from the sale in 1926 of a piece of improved real estate in the city of St. Louis, Mo. The controlling facts, which are undisputed, are briefly as follows:

The petitioner, as trustee under a declaration of trust, on September 10, 1920, purchased the real estate in question for $76,000, and held it until 1926, when it was sold for $100,000. For the years 1920, 1921, and 1922, no deduction from the gross income of the petitioner for depreciation was claimed or allowed. For the years 1923, 1924, and 1925 the petitioner claimed deductions from gross income because of depreciation, but these claims were disallowed by the Commissioner. At the time the property was sold, the total accumulated allowable depreciation was $13,227.50. In determining the taxable gain from the sale, the petitioner took the difference between the purchase price and the sale price of the property; while the Commissioner of Internal Revenue deducted the amount of depreciation from the purchase price, which increased the taxable gain by the amount of the depreciation, and this resulted in the deficiency complained of. The petitioner appealed to the Board, which affirmed the Commissioner.

The question is whether the Commissioner had the right, in determining the taxable gain resulting from the sale, to deduct the allowable but unallowed depreciation of $13,227.50 from the purchase price of the property.

The Revenue Act of 1926 provides [section 204 (a), c. 27, 44 Stat. 9, 14, 26 USCA § 935 (a)] that "the basis for determining the gain or loss from the sale �counter of property acquired after February 28, 1913, shall be the cost of such property"; and [section 202 (b), (2), c. 27, 44 Stat. 12, 26 USCA § 933 (b) (2)] that "the basis shall be diminished by the amount of the deductions for exhaustion, wear and tear, obsolescence, amortization, and depletion which

have since the acquisition of the property been allowable in respect of such property under this title or prior income tax laws. * * * * "

Article 1561, Treasury Regulations 69, provides, among other things: " * * * In computing the amount of gain or loss, however, the cost or other basis of the property must be increased by the cost of capital improvements and betterments made to the property since the basic date, and by carrying charges, such as taxes on unproductive property. * * * The cost or other basis of the property must then be decreased by the amount of the deductions for exhaustion, wear and tear, obsolescence, amortization, and depletion which have since the acquisition of the property been allowable in respect of such property, whether or not such deductions were claimed by the taxpayer or formally allowed. * * * * "

That the method pursued by the Commissioner in determining the taxable gain from the sale of the property here in question is justified by the law and the regulations appears long since to have been settled. Appeal of Even Realty Co., 1 B. T. A. 355; Hardwick Realty Co. v. Commissioner, 7 B. T. A. 1108, affirmed (C. C. A. 2) 29 F.(2d) 498, certiorari denied 279 U. S. 876, 49 S. Ct. 349, 73 L. Ed. 1010; Kalb v. Commissioner, 15 B. T. A. 865; Franklin Lumber & Power Co. v. Commissioner, 18 B. T. A. 1207; United States v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 71 L. Ed. 1054; Hardwick Realty Co. v. Commissioner (C. C. A. 2) 29 F.(2d) 498; Rieck v. Heiner (C. C. A. 3) 25 F.(2d) 453, certiorari denied 277 U. S. 608, 48 S. Ct. 603, 72 L. Ed. 1013; Fidelity-Philadelphia Trust Co. v. Commissioner (C. C. A. 3) 47 F.(2d) 36; Koepfli v. Commissioner (C. C. A. 9) 41 F.(2d) 606.

The petitioner, however, argues that to increase the taxable gain from the sale of this property by reducing the original cost to the extent of depreciation which was allowable but not allowed, is in effect adding to income that which is not income, but a loss, and results in the imposition of a tax upon something which is not taxable under the Sixteenth Amendment to the Constitution.

It is true, as the petitioner says, that the constitutionality of the method used for ascertaining the gain from a sale was not directly involved or specifically passed upon in the case of United States v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 71 L. Ed. 1054, supra. It appears from the opinion in that case that the power of Congress to provide for the deduction of depreciation from original cost

was conceded. However, it is not conceivable that the Supreme Court would have approved the method held to be proper in that case merely because of this concession, if, in fact, in violation of the Constitution, particularly since the contention in that case was that Congress, at the time of the sale there in question, had not in terms required the deduction of depreciation from the cost price in determining taxable gain. The court said (pages 300, 301 of 274 U. S., 47 S. Ct. 608, 610): "The depreciation charge permitted as a deduction from the gross income in determining the taxable income of a business for any year represents the reduction, during the year, of the capital assets through wear and tear of the plant used. The amount of the allowance for depreciation is the sum which should be set aside for the taxable year, in order that, at the end of the useful life of the plant in the business, the aggregate of the sums set aside will (with the salvage value) suffice to provide an amount equal to the original cost. The theory underlying this allowance for depreciation is that by using up the plant a gradual sale is made of it. The depreciation charged is the measure of the cost of the part which has been sold. When the plant is disposed of after years of use, the thing then sold is not the whole thing originally acquired. The amount of the depreciation must be deducted from the original cost of the whole in order to determine the cost of that disposed of in the final sale of properties. Any other construction would permit a double deduction for the loss of the same capital assets." And, on pages 303, 304 of 274 U. S., 47 S. Ct. 608, 611: "The aggregate for depreciation and depletion claimed by Ludey in the income tax returns for the years 1913, 1914, 1915, and 1916, and allowed, was only $5,156. He insists that more cannot be deducted from the original cost in making the return for 1917. The contention is unsound. The amount of the gain on the sale is not dependent on the amount claimed in earlier years. If in any year he has failed to claim, or has been denied, the amount to which he was entitled, rectification of the error must be sought through a review of the action of the bureau for that year. He cannot choose the year in which he will take a reduction. On the other hand, we cannot accept the government's contention that the full amount of depreciation and depletion sustained, whether allowable by law as a deduction from gross income in past years or not, must be deducted from cost in ascertaining gain or loss. Congress doubtless intended that the deduction to be made from the original cost should be the aggregate amount which the taxpayer was entitled to deduct in the several years."

As we read Burnet v. Thompson Oil & Gas Co., 283 U. S. 301, 51 S. Ct. 418, 75 L. Ed. 1049, it does not detract in any way from what was said in the Ludey Case.

While the petitioner's contentions are not without force, it seems plain to us that the Supreme Court of the United States has approved the method provided by law and used by the Commissioner in determining the amount of taxable gain received by the petitioner in the year 1926. This court would not now be justified in holding the method so approved to be violative of the Sixteenth Amendment.

The order of the Board of Tax Appeals is affirmed.