UNITED STATES TRUST COMPANY OF NEW YORK AND CLARENCE C. PELL AS TRUSTEES UNDER DEED OF KATHERINE L. K. PELL FOR THE BENEFIT OF HERBERT C. PELL, JR., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

UNITED STATES TRUST COMPANY OF NEW YORK AND HERBERT C. PELL, JR., AS TRUSTEES UNDER DEED OF KATHERINE L. K. PELL FOR THE BENEFIT OF CLARENCE C. PELL, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 60987, 60988.   Promulgated August 9, 1934.

*E. Sheldon Stewart, Esq.*, for the petitioners.
*Frank Thompson, Esq.*, for the respondent.

### OPINION.

MURDOCK: Deficiencies for the year 1929 of $792.83 (Docket No. 60987) and $792.58 (Docket No. 60988) are in controversy. The cases were consolidated and in each the sole issue presented is whether or not the Commissioner erred in increasing the gain from the disposition of a piece of real estate by reducing the taxpayers' basis by depreciation on the improvements. There is no question raised as to any figures. The facts have been stipulated.

Katherine L. K. Pell in 1917 created two trusts, to which she transferred a piece of real estate. One half was to be held by the one trust and the other one half was to be held by the other trust. The two halves were of equal value. The net income from the one trust was to be paid to Herbert C. Pell, Jr., during his lifetime and after his death the net income and principal of that trust was to go to others. The other trust was similar and named Clarence C. Pell as life beneficiary. The property held by these trusts was taken by the city of New York and the two trusts received in 1929 a total of $227,500 as compensation for the taking. The expenses of the two trusts incident to the disposition of the property amounted to $6,875. The total basis of the property to the two trusts for determining gain was $144,000. Section 111 (b) (2) of the Revenue Act of 1928 requires that in computing the amount of gain "The basis shall be diminished by the amount of the deductions for exhaustion, wear and tear  *  *  *  which have since the acquisition of the property

been allowable in respect of such property under this Act or prior income tax laws * * *." The Commissioner reduced the basis by $10,800, representing depreciation allowable on the improvements on the property since its acquisition by the trusts, and consequently increased the gain of each trust by $5,400. The petitioners complain of this adjustment. They point to section 23 (k) of the Revenue Act of 1928, which provides that " In the case of property held in trust the allowable deduction [for depreciation] shall be apportioned between the income beneficiaries and the trustee * * * on the basis of the trust income allocable to each ", and argue that since under this provision they were not entitled to any deduction for depreciation and since under prior acts they received no benefits of depreciation, their basis for gain should not be diminished under section 111 (b) (2). However, the provisions of section 111 (b) (2) are clear. If deductions for exhaustion, wear, and tear have been *allowable in respect of such property* since its acquisition by the taxpayer, all of those deductions must be used to diminish the basis. Cf. *United States* v. *Ludey*, 274 U.S. 295; *Fidelity-Philadelphia Trust Co.* v. *Commissioner*, 47 Fed. (2d) 36, affirming 18 B.T.A. 43. Thus it matters not that there was no income to be offset by the deductions allowable nor is it material to know whether a particular deduction was allowable to the trustee or to the beneficiary.

*Decision will be entered for the respondent.*