HELVERING, Commissioner of Internal Revenue, v. ST. LOUIS SOUTHWESTERN RY. CO.

No. 10605.

Circuit Court of Appeals, Eighth Circuit.

July 27, 1936.

Warren F. Wattles, Atty., Tax Division, Department of Justice, of Washington, D. C. (Robert H. Jackson, Asst. Atty. Gen., and Sewall Key and Harry Marselli, Sp. Assts. to the Atty. Gen., on the brief), for petitioner.

Claude W. Dudley, of Washington, D. C. (B. F. Batts, of St. Louis, Mo., on the brief), for respondent.

A. C. Rearick and Paul Smith, both of New York City, amici curiæ for Chesapeake & O. Ry. Co.

Before WOODROUGH and THOMAS, Circuit Judges, and DEWEY, District Judge.

WOODROUGH, Circuit Judge.

This is a petition by the Commissioner of Internal Revenue to review the decision of the Board of Tax Appeals of June 29, 1935 (unreported).

It appears that the taxpayer, St. Louis Southwestern Railway Company, kept its accounts in accordance with the classification of accounts prescribed by the Interstate Commerce Commission, and its income was returned on an accrual basis. During the taxable year 1924, it retired certain equipment acquired prior to July 1, 1907, and, in accordance with instructions contained in the "Classification of Accounts," entered on its books a charge to "Loss on Retired Road & Equipment" (a subdivision of the profit and loss account) in the taxable year 1924 the sum of $108,-414.88. It was stipulated that the said sum is a correct computation of the amount of depreciation which accrued on said equipment prior to July 1, 1907. In its return for federal income tax purposes for the taxable year 1924, the taxpayer reported the loss on the retirements of equipment on a cost basis, but (as it now claims erroneously) deducted the sum of $108,414.88 set up in its "profit and loss" account on its books from the "cost" used in its return. No part of this depreciation item ($108,414.88) had ever been previously "allowed" as a deduction in determining the

net income of the taxpayer or any of its affiliated companies under any federal statute imposing an income or excise tax.

The Commissioner of Internal Revenue audited the 1924 return and made no "adjustment" or correction on account of the deduction for depreciation accruing prior to July 1, 1907, on the equipment retired during 1924. Rather, the Commissioner found a deficiency on account of other items (not material here) appearing in the return, and assessed a deficiency. The taxpayer resisted the deficiency assessment and asked an adjustment for the deduction of $108,414.88 from the cost of the equipment retired. In other words, it insisted that the undepreciated cost figure be used in determining loss. Upon denial of this request by the Commissioner, the taxpayer appealed to the Board of Tax Appeals for review of the Commissioner's action.

The Board of Tax Appeals sustained the position of the taxpayer, finding that the computation of gain or loss upon retirement of equipment in 1924 should be made on the basis of actual cost and required no adjustment for depreciation sustained prior to July 1, 1907, since the depreciation had never been "previously allowed" within section 202 (b) of the Revenue Act of 1924 (43 Stat. 255).

The Commissioner has appealed from this finding, and the sole question presented for review is whether, in determining the amount of deductible loss in the year 1924, sustained by the retirement during that year of equipment acquired prior to July 1, 1907, the "cost" of such equipment should be reduced by the amount of depreciation sustained prior to July 1, 1907.

The relevant provisions of the Revenue Act of 1924 are as follows:

"Sec. 202.   (a) Except as hereinafter provided in this section, the gain from the sale or other disposition of property, shall be the excess of the amount realized therefrom over the basis provided in subdivision (a) or (b) of section 204, and the loss shall be the excess of such basis over the amount realized.

"(b) In computing the amount of gain or loss under subdivision (a) proper adjustment shall be made for (1) any expenditure properly chargeable to capital account, and (2) any item of loss, exhaustion, wear and tear, obsolescence, amortization, or depletion, previously allowed with respect to such property."   43 Stat. 255.

"Sec. 204.   *   *   *   (b) The basis for determining the gain or loss from the sale or other disposition of property acquired before March 1, 1913, shall be (A) the cost of such property,   *   *   *   or (B) the fair market value of such property as of March 1, 1913, whichever is greater." 43 Stat. 259.

The Commissioner contends that prior to 1924 it had long been the practice of the Department to make adjustments for depreciation sustained before March 1, 1913, wherever it was necessary to compare the cost with the fair market value of property on March 1, 1913. He contends, therefore, that the deduction of $108,414.88 from the cost of the property retired during the taxable year 1924 was in accord with the practice and was correct, and should be sustained.

But section 202 (b) of the Revenue Act of 1924 specifically prescribes that the allowance for depreciation which may be taken into consideration in ascertaining gain or loss is such depreciation as has been "previously allowed." It is stipulated here that the disputed depreciation had not been "previously allowed" the taxpayer at any time. As said in Koshland v. Helvering, 56 S.Ct. 767, 770, 80 L.Ed. ——, decided May 18, 1936, "where, as in this case, the provisions of the act are unambiguous, and its directions specific [as is the statute in question here], there is no power to amend it by regulation. Congress having clearly and specifically declared" its intent, "the Secretary of the Treasury is without power by regulatory amendment to add a provision that" such adjustment should be made.

The Commissioner also contends that the words "cost,   *   *   *   or (B) the fair market value   *   *   *   as of March 1, 1913, whichever is greater," contained in section 204 (b), should be construed to mean that the original cost should be adjusted for depreciation as of March 1, 1913, in order to arrive at the figure for comparison with the fair market value in fixing the base to be used in determining gain or loss.

A reading of section 204 (b) of the Act of 1924 convinces that the contention cannot be sustained. The punctuation used clearly prescribes the two bases as "cost" and "fair market value   *   *   *   as of March 1, 1913." If it had been the intention of the Congress to incorporate the basis contended for by the Commissioner

in this case, it could very easily have done so. But the act is clear and unambiguous, and the court must apply it as it reads.

Among other cases, the Commissioner relies on Koepfli v. Com'r (C.C.A.) 41 F. (2d) 606. That case arose under the Revenue Act of 1921 (42 Stat. 227), which act was silent as to the allowance of depreciation. In the absence of statutory direction, the Circuit Court of Appeals held that the regulation promulgated by the Treasury Department providing for the deduction of depreciation in computing net income was valid and should govern. The regulation was upheld under the principles defined in United States v. Ludey, 274 U.S. 295, 47 S.Ct. 608, 71 L.Ed. 1054, but the act, as it stands amended in 1924, precludes the application of any pre-existing regulation of the Treasury Department contrary to the explicit terms of the act. The Treasury Department is without power to amend the act either by new regulation or the application of pre-existing but incompatible regulations. Koshland v. Helvering, Com'r, supra.

The decision of the Board of Tax Appeals is affirmed.