## BECKRIDGE CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

No. 205.

Circuit Court of Appeals, Second Circuit.

June 29, 1942.

Colman Gray, of New York City (Henry M. Ward, of Washington, D. C., of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Gerald L. Wallace, and Benjamin M. Brodsky, Sp. Assts. to the Atty. Gen., for respondent.

Before SWAN, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

The question presented for solution is the proper cost basis of property acquired by the taxpayer in 1931 and sold in 1937. The sale price being less than the cost, the taxpayer claimed a capital loss in its 1937 income tax return, but the commissioner reduced the cost basis by deducting the amount of depreciation allowable under the income tax laws during the taxpayer's ownership, and thereby determined a capital gain which produced the deficiencies complained of. In no year during the taxpayer's ownership had the property (an apartment house) met the costs of operation, and no depreciation had been entered on the taxpayer's books of account or claimed in its annual tax returns.[1] Despite these facts the Board approved the com-

---

[1] The tax returns were filed on the basis of cash receipts and disbursements. In 1932 a profit of $1,104.36 was realized on the apartment house but this was absorbed by losses on other properties of the petitioner.

missioner's adjustment of the cost basis and confirmed the deficiencies.

Such adjustment was authorized by section 113(b) (1) (B) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code, § 113 (b) (1) (B), which specifically provides that the adjusted basis for determining the gain or loss from the sale of property shall be the cost with proper adjustment for depreciation, in respect of any period since February 28, 1913, "to the extent allowed (but not less than the amount allowable) under this Act [chapter] or prior income tax laws."[2] In Hardwick Realty Co. v. Commissioner, 2 Cir., 29 F.2d 498, involving the less specific 1918 Act, this court rejected a contention substantially the same as that advanced by the present petitioner; namely, that unless there was taxable income in a given year (exclusive of deductions for depreciation), the amount of depreciation allowable in such year cannot be used in figuring the gain derived from a subsequent sale of the property. See, also, Jones v. Commissioner, 8 Cir., 72 F.2d 114, 115; Kittredge v. Commissioner, 2 Cir., 88 F.2d 632, 634; Herder v. Helvering, 70 App.D.C. 287, 106 F. 2d 153, 162. In the Hardwick case, we said that our decision was ruled by Uniter States v. Ludey, 274 U.S. 295, 47 S.Ct. 608, 71 L.Ed. 1054. It is now urged that Burnet v. Thompson Oil & G. Co., 283 U. S. 301, 51 S.Ct. 418, 75 L.Ed. 1049, shows that we misunderstood the Ludey case. We can find nothing therein which so indicates; nor did Judge Sanborn, who wrote in Jones v. Commissioner, 8 Cir., 72 F.2d 114 at page 116, think that the Thompson case detracted in any way from what was said in the Ludey opinion. Without repeating the discussion in the Hardwick case, it will suffice to say that the petitioner's argument misconceives (1) the theory of depreciation as explained in Ludey case and (2) the theory of annual accounting which may produce a taxable profit in one year even though a loss sustained in another makes the whole transaction nonprofitable. See Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383. Accordingly we believe that the Board's decision was correct. The case of Pittsburgh Brewing Co. v. Commissioner, 3 Cir., 107 F.2d 155, upon which the petitioner strongly relies is not directly in point; in so far as the court's argument may be opposed to the views we have expressed we are unable to follow it.

Order affirmed.

---

[2] Art. 113(b)-1 of Regulations 94, promulgated under the 1936 Act, explains that "The adjustment required for any taxable year or period is the amount allowed or the amount allowable for such year or period under the law applicable thereto, whichever is the greater amount." In the case at bar since no depreciation was allowed during the period, none having been claimed, the amount allowable is the only amount to be considered. The figures are not disputed.