PERRY M. AND JANICE S. BROCK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brock v. Commissioner
Docket No. 10827-92
United States Tax Court
T.C. Memo 1994-177; 1994 Tax Ct. Memo LEXIS 177; 67 T.C.M. (CCH) 2729; April 20, 1994, Filed *177 Decision will be entered for respondent. For petitioners: M. Gary Atkinson. For respondent: Janice D. Newell. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined a deficiency of $ 8,988 in petitioners' Federal income tax for 1988. The sole issue for decision is whether, in computing the gain or loss realized upon the foreclosure of petitioners' property, the adjusted basis of the property is calculated by the amount of depreciation actually claimed over the years, or whether the adjusted basis is calculated by the amount of depreciation which was allowable. [2]
*178 This case was submitted fully stipulated under Rule 122. Accordingly, the facts so stipulated are incorporated herein by reference. At the time the petition was filed, petitioners were residents of Twin Falls, Idaho. On August 1, 1979, petitioners acquired, by purchase, certain rental property, which comprised four units. The building and the real estate had a cost basis of $ 117,307. On November 10, 1988, the bank that held a deed of trust on the property foreclosed because of petitioners' default in payment of the indebtedness on their rental property. In the foreclosure sale, the property was deeded to the bank, for which petitioners were credited $ 55,000 toward their indebtedness. The costs relating to the foreclosure amounted to $ 1,156. Over the years, petitioners had claimed on their Federal income tax returns a total or aggregate amount of $ 43,000 in depreciation of the four rental units. Thus, on their 1988 Federal income tax return, petitioners reported the foreclosure sale as a taxable event and calculated a loss as follows: Amount realized
$ 55,000 Less adjusted basis:
Cost of property
$ 117,000 Cost of foreclosure
1,500 Prior depreciation
(43,000)
75,500 Gain (Loss)
($ 20,500)
*179 In the notice of deficiency, respondent disallowed the $ 20,500 loss claimed by petitioners and determined that they had instead realized a $ 31,662 gain, calculated as follows: Amount realized:
Sales price
$ 55,000
Less foreclosure cost
1,156
$ 53,844
Less adjusted basis:
Cost of property
$ 117,305
Less allowable depreciation
95,123
22,182
Gain realized
$ 31,662
In the stipulation, the parties agreed that the actual amount of depreciation claimed by petitioners over the years they owned the property amounted to $ 43,000. The parties further agreed that, based upon an audit of petitioners' income tax returns by respondent for 1979 and 1980, petitioners were allowed depreciation of the subject property under the straight-line method, based on a 10-year useful life, with no salvage value and that, if depreciation had been claimed each year based upon the depreciable amounts agreed to in the audit, the total allowable depreciation up to the date of sale amounted to $ 95,123. [3] Petitioners contend that, since they claimed depreciation of $ 43,000, the $ 43,000 figure should be used in calculating the adjusted basis of their property. On brief, petitioners argued *180 that the property had a 45-year useful life, and, if depreciation is calculated on the straight-line method for that period, the depreciation over the years would have amounted to $ 21,233.65, and petitioners would have realized a $ 42,227.35 loss, calculated as follows: Amount realized:
(Sales price less $ 1,156 foreclosure cost)
$ 53,844.00 Less adjusted basis:
Cost of property
$ 117,305.00
Less depreciation
21,233.65
96,071.35 Gain (Loss)
($ 42,227.35)
*181 Section 1001(a) generally provides that gain from the sale or other disposition of property is the excess of the amount realized over the adjusted basis of the property as provided in section 1011. Section 1011(a) generally provides that the adjusted basis for determining gain or loss from the sale or other disposition of property shall be the basis of such property, as provided in section 1012, and such other adjustments as provided in section 1016. Under section 1016(a)(2), an adjustment is made to the cost of property for deductions taken against the property for "exhaustion, wear and tear, obsolescence * * *, to the extent of the amount -- (A) allowed as deductions in computing taxable income * * *, and (B) resulting (by reason of the deductions so allowed) in a reduction for any taxable year of the taxpayer's taxes * * *, but not less than the amount allowable under this subtitle. " (Emphasis added.) Section 1.1016-3(a)(1), Income Tax Regs., provides, in pertinent part: (a) In General -- (1) Adjustment where deduction is claimed. (i) * * * the cost or other basis of property shall be decreased for exhaustion, wear and tear, obsolescence, amortization, and depletion *182 by the greater of the following two amounts: (a) the amount allowed as deductions in computing taxable income, to the extent resulting in a reduction of the taxpayer's income taxes, or (b) the amount allowable for the years involved * * * (ii) The determination of the amount properly allowable for exhaustion, wear and tear, obsolescence, amortization, and depletion shall be made on the basis of facts reasonably known to exist at the end of the taxable year. A taxpayer is not permitted to take advantage in a later year of his prior failure to take any such allowance or his taking an allowance plainly inadequate under the known facts in prior years. * * * [Emphasis added.]
Thus, it is readily apparent from the above that the adjustment to basis for depreciation, under section 1016(a), is the greater of the amount claimed for depreciation or the amount allowable for the years involved. There is no adjustment to basis, under section 1016, for depreciation that a taxpayer could have taken but failed to take in prior years. Sec. 1.1016-3(a)(1)(ii), Income Tax Regs. The cases, moreover, support the principle that it is the depreciation "allowable", whether or not it is *183 in fact claimed, that must be used to adjust the cost basis of property. United States v. Ludey, 274 U.S. 295 (1927); Fidelity-Philadelphia Trust Co. v. Commissioner, 47 F.2d 36 (3d Cir. 1931), affg. 18 B.T.A. 43 (1929); Hinckley v. Commissioner, 410 F.2d 937, 940 (8th Cir. 1969), affg. T.C. Memo. 1967-180. In Virginian Hotel Corp. v. Helvering, 319 U.S. 523, 525-526 (1943), the Supreme Court stated: That provision [for depreciation] makes plain that the depreciation basis is reduced by the amount "allowable" each year whether or not it is claimed. Moreover the basis must be reduced by that amount even though no tax benefit results from the use of depreciation as a deduction. Wear and tear do not wait on net income. Nor can depreciation be accumulated and held for use in that year in which it will bring the taxpayer the most tax benefit. Congress has elected to make the year the unit of taxation. Thus the amount "allowable" must be taken each year. [Citations omitted.]
The Court, therefore, *184 holds that the proper adjustment in the calculation of gain or loss on the disposition of petitioners' rental property during 1988 was the depreciation allowable on the property, which was stipulated to be $ 95,123. As such, petitioners realized a gain of $ 31,662 on the foreclosure of their property. The Court rejects both of petitioners' positions and sustains respondent on this issue. Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Two other adjustments in the notice of deficiency are in favor of petitioners and have not been challenged by them.↩
3. For the years following the audit of petitioners' 1979 and 1980 returns, it appears (and the Court assumes for purposes of this case) that petitioners claimed depreciation at the rate agreed to in the audit. However, for reasons not explained in the stipulation, petitioners claimed depreciation on only two of the units instead of the four units, which is why the depreciation claimed over the years was only $ 43,000. The parties stipulated that the failure to claim the depreciation allowable was because of a "mistake" by petitioner-wife. The Court assumes, therefore, that the four units were held for the production of rental income for all the years petitioners owned the property. Petitioners also agreed in the stipulation as to the original costs of the property and the foreclosure costs, which differed slightly from the amounts reported on their return in their computation of the $ 20,500 loss.↩