**PITTSBURGH BREWING CO. v. COMMIS-SIONER OF INTERNAL REVENUE.**

No. 7083.

Circuit Court of Appeals, Third Circuit.

Nov. 7, 1939.

Aaron Holman and I. Newton Brozan, both of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Arthur A. Armstrong, and Newton K. Fox, Sp. Assts. to Atty. Gen., for respondent.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals determining deficiencies in the income tax of the Pittsburgh Brewing Company for the fiscal years ended October 31, 1933 and October 31, 1934. The facts involved are fully stated in the opinion of the Board, 37 B.T. A. 439, and it would serve no useful purpose to repeat them here.

The sole question involved is as to the meaning of the word "allowed" in Sec. 113(b) (1) (B) of the Revenue Act of 1932, 26 U.S.C.A. § 113 note, the provisions of which are as follows:

"§ 113. Adjusted basis for determining gain or loss

\* \* \* \* \* \*

"(b) *Adjusted Basis.* The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided.

"(1) *General Rule.* Proper adjustment in respect of the property shall in all cases be made—

\* \* \* \* \* \*

"(B) in respect of any period since February 28, 1913, for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent allowed (but not less than the amount allowable) under this Act [chapter] or prior income tax laws. Where for any taxable year prior to the

taxable year 1932 the depletion allowance was based on discovery value or a percentage of income, then the adjustment for depletion for such year shall be based on the depletion which would have been allowable for such year if computed without reference to discovery value or a percentage of income."

Briefly stated, the question for our determination is whether depreciation claimed by the taxpayer in its income tax returns in amounts in excess of those legally allowable, have been "allowed" within the meaning of the first sentence of clause (B) of Sec. 113(b) (1), although no taxable income was offset thereby. To put it in another way, is depreciation "allowed" only if it is actually deducted from taxable income or must it also be considered as "allowed" if it is reported on an income tax return but not taken as a deduction because of insufficiency of income? After full consideration of this question we have reached the conclusion that depreciation is not "allowed" within the meaning of the act unless it is actually taken as a deduction against taxable income.

Allow is defined as "To grant (something) as a deduction or an addition; esp., to abate or deduct; as, to *allow* a sum for leakage." Webster's New International Dictionary, 2d Ed., p. 70, def. 5. "Allowed" in the statute accordingly means granted as a deduction. Deduction is defined as "That which is deducted; the part taken away; abatement; as a *deduction* from the yearly rent." Webster's New International Dictionary, 2d Ed., p. 284, def. 2b. It is the subtrahend in the process of subtraction. Obviously a minuend is necessary to the process. In the case before us the subtrahend is the depreciation and the minuend is the taxable income. If the minuend income is absent it follows that there can be no deduction and consequently no allowance within the meaning of the act.

The legislative history of the provisions of the Revenue Act of 1932 under consideration supports our view that the word "allowed" in the act refers only to depreciation which has been availed of by the taxpayer as an offset to taxable income. In the Report of the Committee on Ways and Means of the House of Representatives (House Rep. 708, 72d Cong., 1st Sess., p. 22) upon the portion of the act now under consideration appears the following (italics ours):

"In subparagraph (B), relating to depreciation, etc., for the period since February 28, 1913, the bill requires that adjustment be made *to the extent allowed (but not less than the amount allowable)* instead of 'by the amount \* \* \* allowable' as in the prior act. The Treasury has frequently encountered cases where a taxpayer, who has taken and been allowed depreciation deductions at a certain rate consistently over a period of years, later finds it to his advantage to claim that the allowances so made to him were excessive and that the amounts which were in fact 'allowable' were much less. *By this time the government may be barred from collecting the additional taxes which would be due for the prior years upon the strength of the taxpayer's present contentions.* The Treasury is obliged to rely very largely upon the *good faith* and judgment of the taxpayer in the determination of the allowances for depreciation, since these are primarily matters of judgment and are governed by facts particularly within the knowledge of the taxpayer, *and the Treasury should not be* penalized for having approved the taxpayer's *deductions.* While the committee does not regard the existing law as countenancing any such inequitable results, *it believes the new bill should specifically preclude any such possibility.*"

Obviously the Committee referred to the situation in which a taxpayer, having had the benefit of a larger depreciation deduction from gross income than was properly allowable to him, claims upon the sale of the depreciated property that his sale basis should be increased by deducting only the smaller depreciation properly allowable, thus gaining a double deduction against taxable income. We think it clear that it was to prevent the possibility of such a double deduction that the provisions of the Revenue Act of 1932 which we are considering were enacted. No double benefit can be received where, as in the case before us, the depreciation originally claimed offset no income which would otherwise have been taxable.

The decision of the Board of Tax Appeals is reversed.