## DON LEE, Inc.; v. UNITED STATES.
### No. 21866–R.

District Court, N. D. California, S. D.
Jan. 14, 1942.

Zagon & Aaron, of Los Angeles, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for the Government.

ROCHE, District Judge.

This is an action brought by plaintiff, Don Lee, Inc., to recover overpayment of Income and Excess Profits Taxes for the years 1935 and 1936, together with interest thereon.

In making its tax returns for the years 1931, 1932 and 1933, plaintiff computed depreciation upon its machinery, fixtures, and other depreciable property on the basis of a ten year life. Thus it made annual deductions of 10% of the value of the property for the three years. Thereafter the Commissioner of Internal Revenue estimated that fifteen years was the useful life of the property, and he recomputed the allowable depreciation for the years 1934 and 1935. The Commissioner used the following method. He took plaintiff's book value as of January 1, 1934, when it showed the original cost of the property, less depreciation for three years on the basis of a ten year life. He spread this sum over the remaining twelve years of the fifteen year period which he fixed as the life of the property for future tax depreciation purposes. In 1936 plaintiff made its return on the twelve year evaluation basis used by the Commissioner of Internal Revenue in computing depreciation.

In each of the years 1931, 1932 and 1933, when plaintiff was reporting a 10% deduction for depreciation, its operating expenses and other deductions exceeded its gross income. Thus plaintiff was making no profits from which it might deduct its annual cost of depreciation.

On June 27, 1940, plaintiff filed with the Collector of Internal Revenue of the First District of California its claim for taxes erroneously assessed and overpaid for the years 1935 and 1936, together with interest. Plaintiff based its claims on the ground that the life of plaintiff's assets was fifteen years from the date of acquisition, as fixed by the Commissioner. Plaintiff asserted that since it had sustained losses for the years 1931, 1932 and 1933, its depreciation for those years should be adjusted in accordance with a fifteen year life, from the date of acquisition. Instead of deducting 10% for the three years in question, plaintiff should be permitted to reduce the excessive deductions so as to meet the requirements for equal deductions over the entire fifteen year period. Thus, the book value of plaintiff's property on January 1, 1934, would be increased, and a larger amount of depreciation would be allowable for 1935 and 1936. The Commissioner refused to make the requested refunds on May 10, 1941.

Plaintiff contends that the book value of the depreciable property should be increased by the amount of the excessive depreciation reported so that the allowable depreciation for the challenged years will be increased accordingly. If plaintiff's contention is correct, it is entitled to recover an overpayment of taxes.

The question for decision is as follows: Where plaintiff reports excessive depreciation of property for three years, but does not benefit from such depreciation by an offset of income for these years because of business losses, should the portion of depreciation beyond the amount legally allowable be added to the value of the property for future depreciation?

The answer to this question rests on the interpretation of certain sections of the Revenue Acts of 1934 and 1936, which are applicable to the case presented to the court.

It must first be noted that a reasonable allowance is permitted to be deducted as depreciation in computing net income of a trade or business. Sec. 23(*l*) of the Revenue Acts of 1934 and 1936, 26 U.S.C.A. Int.Rev.Code, § 23(*l*). The basis for this depreciation is the same adjusted basis as that which is used for determining gain upon the sale of such property. Sec. 114 (a) of the Revenue Acts of 1934 and 1936, 26 U.S.C.A. Int.Rev.Code, § 114(a). The adjusted basis shall be the cost, Sec. 113 (a), less deductions for depreciation to the extent allowed (but not less than the amount allowable), Sec. 113(b) and 113(b) (1)(B) of the Revenue Acts of 1934 and 1936, 26 U.S.C.A. Int.Rev.Code, §§ 113(a), (b) and (b)(1)(B), and Art. 113(b)-1 of Regs. 86 and 94.

The parties before the Court dispute the basis for depreciation. The above sections of the Revenue Act hold that the basis must be determined by decreasing the cost of the property by the amount of depreciation "allowed", but not less than the amount allowable. The life of plaintiff's property is agreed to be fifteen years. Plaintiff contends that depreciation computed on a fifteen year life is the amount "allowable", and that depreciation based on a ten year life is in excess of the amount allowable. If plaintiff's contention is sound, then it made excessive deductions in the years 1931, 1932, and 1933. If these were not "allowed" within the meaning of the Revenue Act, the basis for future depreciation must be adjusted. What is meant by the term "allowed"?

In the case of Pittsburgh Brewing Company v. Commissioner, 3 Cir., 1939, 107 F.2d 155, 156, the court carefully construed the word "allowed" as it is used in Clause (B) of Section 113(b)(1) of the Revenue Acts of 1934 and 1936, and Art. 113(b)-1 of Regs. 86 and 94. In the Brewing Company suit, the taxpayer made depreciation deductions which were in excess of the correct amount, when based upon an adjusted value of the property as finally fixed by the government. The taxpayer asked the Commissioner to reduce the depreciation deductions to accord with the reduced value of the property. By lowering the deductions, the Commissioner would be in-

creasing the value of the property, which the taxpayer had sold, and would thus be cutting the amount of taxable gain realized by the taxpayer on the sale of his property. The Commissioner refused to allow the depreciation deductions to be modified, on the ground that they had already been "allowed". The court took a contrary position, declaring in part:

" * * * is depreciation 'allowed' only if it is actually deducted from taxable income or must it also be considered as 'allowed' if it is reported on an income tax return but not taken as a deduction because of insufficiency of income? After full consideration of this question we have reached the conclusion that depreciation is not 'allowed' within the meaning of the act unless it is actually taken as a deduction against taxable income.

"Allow is defined as 'To grant (something) as a deduction or an addition; esp., to abate or deduct; as, to allow a sum for leakage.' Webster's New International Dictionary, 2nd Ed., p. 70, def. 5. 'Allowed' in the statute accordingly means granted as a deduction. Deduction is defined as 'That which is deducted; the part taken away; abatement; as a deduction from the yearly rent.' Webster's New International Dictionary, 2d Ed., p. 284, def. 2b. * * * *"

The court then held that depreciation was not allowed solely by reason of the fact that it had been reported as a deduction. It was also necessary that the deduction should have reduced taxable income. Since the prior deductions which exceeded the depreciation "allowable", did not reduce taxable income, the depreciation might properly be adjusted to eliminate the amount in excess of that allowable.

The only distinction between the above case and the matter before the court is that in the Brewing Company suit the taxpayer miscalculated the original value of the property while in the case at bar the plaintiff erred in estimating the life of the property. This distinction does not alter the meaning of the term "allowable", which is the same in both cases.

Plaintiff's excess depreciation did not reduce its income tax payments in the years 1931, 1932, and 1933. Therefore, the deductions for those years were not "allowed", within the meaning of the Revenue Acts of 1934 and 1936, and plaintiff is entitled to have its excess depreciation added

to the basis for depreciation in subsequent years.

Accordingly the Court will enter judgment in favor of plaintiff as prayed for, upon preparation of findings of fact and conclusions of law. Defendant will pay costs.