### HELVERING v. VIRGINIAN HOTEL CORPORATION OF LYNCHBURG.

#### No. 5004.

Circuit Court of Appeals, Fourth Circuit.

Jan. 2, 1943.

---

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

L. W. Post, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for petitioner.

Frank G. Davidson, Jr., of Lynchburg, Va., for respondent.

PARKER, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals, now the Tax Court of the United States. The question involved relates to the right of a taxpayer to add to the depreciation base, on a change of the rate of depreciation, amounts charged off and allowed as depreciation in prior years, where no tax benefit has been received as a result of such allowance. The contention of the taxpayer is that the new rate of deprecia-tion should be applied retroactively, and that the excess depreciation charged off and deducted under the old rate should be restored to the base, when it appears that the taxpayer has received no tax benefit from the deduction. The Board sustained this contention and the Commissioner has asked that its decision be reviewed, con-tending that there is no authority for re-storing to the base the depreciation which has been claimed and allowed, and that whether tax benefit has resulted from the allowance or not does not affect the mat-ter.

Taxpayer is a corporation which has operated a hotel in Lynchburg, Va., since January 1, 1931. In making its tax returns from that time through the year 1937, it claimed and was allowed depreciation at straight line rates of 10% on all of its equipment except carpets and upon these at 15%, based upon an estimated useful life of 10 and 6⅔ years respectively. For the year 1938 the taxpayer claimed a deduction for depreciation at the same rates; but the Commissioner determined that the useful life of the equipment had been underestimated and that the rates of depreciation allowed were excessive. The useful life of the equipment except carpets was estimated at 20 years and carpets at 12½ years. From the cost of the prop-erty, the depreciation theretofore allowed was deducted, and the remainder was taken as the new base for computing de-preciation. The rate was arrived at on the basis of what remained of useful life. Thus on an item of $15,033.55, which had been in service 6½ years, and upon which depreciation of $9,771.83 had been taken and allowed, the Commissioner found there was a value of $5,261.72 remaining, with a useful life of 13½ years, and al-lowed annual depreciation of $389.76, or an amount which taken annually for 13½ years would liquidate the remaining value.

The contention of taxpayer is that, in-stead of doing this, the Commissioner, when putting the new rates of depreciation into effect should have restored to the base so much of the depreciation shown on its returns for the years 1931 to 1937 as did not reduce its taxable income in those years and was in excess of the amounts of the deductions to which it would have been entitled at the rates of depreciation now determined by the Commissioner to be reasonable. This amount was $31,400.25 and represented the excess of depreciation

for the years 1931 to 1936 inclusive, for which the returns of taxpayer showed a net loss. No contention is made with respect to the depreciation for the year 1937, in which the return showed a net gain. It is stipulated that for the years 1931 to 1936 the deduction of depreciation did not serve to reduce the taxable income.

The statute involved is the Revenue Act of 1938, 52 Stat. 447. Sec. 23(1) of that statute, 26 U.S.C.A. Int.Rev.Acts, page 1014, under the heading "Depreciation", allows as a deduction from gross income "a reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence". Sec. 23(n) provides that the basis upon which such depreciation shall be allowed is that provided in sec. 114, 26 U.S.C.A. Int.Rev.Acts, page 1054, which is the section that gives the basis for determining the gain upon the sale or other disposition of property. Sec. 114 provides that the basis for determining depreciation shall be the "adjusted basis" of sec. 113(b), 26 U.S.C.A. Int.Rev.Acts, page 1053; and sec. 113(b) provides that proper adjustment shall be made "for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent allowed (but not less than the amount allowable) under this Act or prior income tax laws". It is clear therefore, that the basis for computing depreciation is that which must be taken for computing gain upon the sale of the property, and that depreciation theretofore allowed or allowable under the income tax laws must be deducted from the base. The applicable statutes are as follows:

"Sec. 23. Deductions from gross income

"In computing net income there shall be allowed as deductions:

&ast; &ast; &ast; &ast; &ast;

"(1) Depreciation.—A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence.

&ast; &ast; &ast; &ast; &ast;

"(n) Basis for depreciation and depletion.—The basis upon which depletion, exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be as provided in section 114.

&ast; &ast; &ast; &ast; &ast;

"Sec. 113. Adjusted basis for determining gain or loss

&ast; &ast; &ast; &ast; &ast;

"(b) Adjusted basis.—The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided.

"(1) General rule.—Proper adjustment in respect of the property shall in all cases be made—

&ast; &ast; &ast; &ast; &ast;

"(B) in respect of any period since February 28, 1913, for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent allowed (but not less than the amount allowable) under this Act or prior income tax laws.

&ast; &ast; &ast; &ast; &ast;

"Sec. 114. Basis for depreciation and depletion

"(a) Basis for depreciation.—The basis upon which exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the adjusted basis provided in section 113(b) for the purpose of determining the gain upon the sale or other disposition of such property."

We think that the Board was in error in holding that depreciation claimed and allowed should be deducted from the base in determining gain under sec. 114 only where it has resulted in tax benefit. Depreciation amounts to the sale of property through use; and the intention of Congress is clear that to the extent that depreciation has been allowable under the law or to the extent that it has been allowed in determining tax liability, it is to be excluded from the value of the property in determining profits from sale or base for allowance of depreciation. There is nothing in the statute, or elsewhere, which justifies restoring to the base the depreciation which has been claimed and allowed in prior returns, merely because such allowance has resulted in no tax benefit (Cf. Mother Lode Coalition Mines Co. v. Helvering, 63 S.Ct. 179, 87 L.Ed. ——, decided Dec. 7, 1942); and such restoration is directly in conflict with the statutory provision that adjustment shall be made for depreciation to the extent allowed under the act or prior income tax laws. It is in conflict, too, with the salutary rule that each taxable year must be regarded as an independent unit for income tax purposes.

Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383.

■ It is argued that the word "allowed" as used in the statute means taken as a deduction from income tax paid; but, as pointed out in the dissenting opinion of Member Disney in the case of Kennedy Laundry Co. v. Commissioner, 46 B.T.A. 70, decided January 14, 1942, "In ordinary parlance or thought as to income tax matters the word 'allowed' means in effect 'considered in arriving at the net tax result for the year', and in my opinion that is all that Congress intended in the section here being considered." This is in accord with our decision in Helvering v. State-Planters Bank & Trust Co., 4 Cir., 130 F.2d 44. The regulation there dealt with provided that the collection of a bad debt should be included in income if the bad debt had previously been "charged off and allowed as a deduction for income tax purposes". We rejected the argument that tax benefit as a result of the deduction was necessary for the inclusion of collections on the debt as income, saying: "There is nothing in the regulation or in any statute which makes the inclusion in gross income of collections on bad debts, previously charged off as worthless, dependent upon whether or not the charge off has resulted in a tax benefit to the taxpayer. It is argued that the language of the regulation providing for the inclusion of the collection only where the debt has been 'charged off and allowed as a deduction for income tax purposes' has this effect; *but manifestly a debt is charged off and allowed as a deduction for income tax purposes when it is claimed and allowed as a deduction in the return of the taxpayer, for the charge off and allowance is made in connection with the return, not in connection with the payment of the tax.*" (Italics supplied.)

■ Prior to the Revenue Act of 1932, provision was made in the Revenue Act of 1926 and subsequent acts for diminution of the base by the amount allowable for depreciation. In the Act of 1932, § 113 (b) (1) (B), 26 U.S.C.A. Int.Rev.Acts, page 865, the provision contained in the 1938 Act was inserted for the first time requiring adjustment for depreciation "to the extent allowed (but not less than the amount allowable)". The purpose of the amendment, as explained in the report of the Senate Committee, was to preclude the possibility of a taxpayer's claiming, on the sale of property, that the depreciation allowed in connection with prior returns was excessive. S. Rep. No. 665, 72nd Cong., 1st Sess. p. 29. The Supreme Court had held that the amount allowable for depreciation must be deducted whether taken in prior returns or not (United States v. Ludey, 274 U.S. 295, 47 S.Ct. 608, 71 L.Ed. 1054); and the effect of the amendment was to place depreciation, to the extent that it had been allowed, on the same basis as allowable depreciation under prior acts. The history and purpose of the amendment are correctly set forth, we think, in the dissenting opinion of Member Disney in the Kennedy Laundry Co. case, as follows: "The word 'allowed' was first used in this respect in section 202(b), Revenue Act of 1924 [26 U.S.C.A. Int.Rev.Acts, page 4], where adjustment is required in computing gain or loss from sale or other disposition of property for wear and tear 'previously allowed with respect to such property.' It appears from the committee reports in connection with that statute that in the form the bill had taken in the House the words 'properly chargeable' were used, and on this subject the Senate Committee Report says: 'To remove a possible ambiguity in the House Bill, the deductions are limited to those "previously allowed" rather than those "properly chargeable"'. The Revenue Act of 1926, section 202(b) [26 U.S.C.A. Int.Rev.Acts, page 147], changed the expression to 'allowable', which was by section 113(b) (1) (B) of the Revenue Act of 1932 changed to 'extent allowed (but not less than the amount allowable).' It seems to me that Congress in 1932, as it did in 1924, used the word 'allowed' in order 'to remove a possible ambiguity', that is, intended in order to make the matter definite, to say that if a depreciation item was 'allowed' in the sense that a claim therefor was not opposed or the depreciation was given effect in determining the tax situation for the year involved, it was to constitute a ground for adjustment of base for the property considered. I think that was all that Congress had in mind and that the legislators did not go into more tenuous consideration of tax advantage, or lack thereof in the year of depreciation, but laid down a definite and not unfair rule. The taxpayer had the opportunity of preventing the 'allowance' of more depreciation than necessary (above the 'amount allowable' or reasonable amount). He could limit his claim, withdraw it to any extent de-

sired, or oppose its use by the Commissioner. This being within his power, there is no injustice in requiring him, when property basis is considered in later years, to abide by the figure used by him, or permitted by him to be used."

There was no intention to authorize retroactive adjustments. With respect to this, the report of the Senate Committee referred to above had the following to say: "Your committee has not thought it necessary to include any express provision against retroactive adjustments of depreciation on the part of the Treasury as the regulations of the Treasury seem adequate to protect the interests of taxpayers in such cases. These regulations require the depreciation allowances to be made from year to year in accordance with the then known facts and do not permit a retroactive change in these allowances by reason of the facts developed or ascertained after the years for which such allowances are made."

██ It is well settled that allowable depreciation must be deducted from cost in arriving at the base under secs. 114 and 113(b) even though the deduction of depreciation in prior returns has resulted in no tax benefit, and even though depreciation may not have been deducted at all in prior returns. United States v. Ludey, supra; Hardwick Realty Co. v. Commissioner, 2 Cir., 29 F.2d 498; Beckridge Corp. v. Commissioner, 2 Cir., 129 F.2d 318. This is unquestionably a holding that the question of tax benefit is immaterial. As stated above, the effect of the 1932 change in the Revenue Act is to put depreciation allowed in the same category.

In the decision in the State-Planters Bank & Trust Co. case, we pointed out the analogy between the situations presented in the case of the collection of a debt previously charged off as worthless and the sale of property at a price in excess of cost less depreciation, and relied upon the Supreme Court's decision in United States v. Ludey, supra, as sustaining our decision that an inquiry as to whether the deduction had resulted in tax benefit was irrelevant. We see no reason to change our conclusion, when the question before us is a question of depreciation. We have carefully considered the decision of the Third Circuit in Pittsburgh Brewing Co. v. Commissioner, 3 Cir., 107 F.2d 155; but we regard the authority of that decision as greatly weakened by the Third Circuit's decision in Commissioner v. United States & International Securities Corporation, 3 Cir., 130 F.2d 894, which reached the same conclusion that we reached in the State-Planters Bank & Trust Co. case.

██ The method used by the Commissioner for computing depreciation through the remaining years of useful life of the property seems to involve hardship in view of the fact that the taxpayer has received but little tax benefit for the depreciation allowed, and the rates for the remainder of the useful life are less than they would have been if the rates and useful life had been correctly computed in the first instance. The answer is that the remedy is with Congress and not the courts or the executive. Deductions to be allowed from gross income are matters resting in the discretion of Congress; and Congress has expressly provided that the base for computing profits or depreciation must be arrived at by excluding depreciation allowed. The method of spreading the remaining value of the property over the remaining years of useful life is one which has been followed by the Commissioner for many years, and the regulation prescribing it has the effect of law. The pertinent portion of that regulation, Art. 205 of Regulations 77 and 74, is as follows: "The deduction for depreciation in respect of any depreciable property for any taxable year shall be limited to such ratable amount as may reasonably be considered necessary to recover during the remaining useful life of the property the unrecovered cost or other basis."

For the reasons stated, the decision will be reversed and the cause will be remanded for further proceedings not inconsistent herewith.

Reversed.