## COMMISSIONER OF INTERNAL REVENUE v. KENNEDY LAUNDRY CO.
### No. 8122.

Circuit Court of Appeals, Seventh Circuit.

Feb. 15, 1943.

Samuel O. Clark, Jr., Sewall Key, Carlton Fox, and Alvin J. Rockwell, Asst. Attys. Gen., and J. P. Wenchel and Bernard D. Daniels, both of Washington, D. C., for petitioner.

James A. O'Callaghan, of Chicago, Ill., for respondent.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is a petition to review an order of the Board of Tax Appeals, four members dissenting, expunging asserted deficiencies in the taxpayer's income tax returns for 1936, 1937, and 1938. The problem presented is whether amounts charged off and allowed as depreciation for the years 1932 to 1935, inclusive, where no tax benefit has been received as a result of such allowance, were "allowed" within the meaning of § 113(b) (1) (B) of the Revenue Acts of 1936 and 1938, 26 U.S.C.A. Int.Rev. Code, § 113(b) (1) (B).

The taxpayer is an Illinois corporation engaged in the laundry business, and files its income tax returns on the accrual basis. In 1930, it organized the Kennedy Laundry Company of Indiana, which erected a laundry plant in Gary, Indiana, and took over from the taxpayer's Pullman plant all Indiana business. In 1933, the taxpayer lost its contract with the Atlantic & Pacific Tea Company and therewith business amounting from $125,000 to $150,000, and, as a result, the use of its machinery was diminished by thirty or forty per cent. From 1926 to 1931, inclusive, it had net income. In its returns for the years 1932 to 1936, inclusive, it claimed depreciation on its machinery and equipment at ten per cent. In its returns for 1937 and 1938, it computed depreciation at eight per cent, which the Commissioner approved, and applied that rate to the year 1936. The Commissioner, in determining the unexhausted base for the machinery and equipment as of December 31, 1935, on which to apply subsequent depreciation at eight per cent, retained the ten per cent rate employed from 1926 to 1935, inclusive. The taxpayer, however, claimed that by reason of the change of rate, it was entitled to apply the eight per cent rate for the years 1932 to 1935, inclusive (years showing net loss).

Before the Board the taxpayer contended that the depreciation should be computed on the basis of facts known in the taxable year; that the pertinent facts were known in 1932 and 1933, but were ignored, and the taxpayer thereby fell into an error, which was corrected in 1937. The Board held, that to the extent that the taxpayer received no advantage during the years 1932 to 1935, its base for depreciation as of December 31, 1935, must be computed by employing a rate of eight per cent for those years. In reaching this conclusion, the Board relied upon the case of Pittsburgh Brewing Co. v. Commissioner, 3 Cir., 107 F.2d 155, which held that depreciation is allowed only if it is actually deducted from income. In this court, in support of the Board's order, the taxpayer cited the case of Virginian Hotel Corp. v. Commission-

er, decided by the Board on May 6, 1942, as being on all fours with the instant case. That case, however, has since been reversed, Helvering v. Virginian Hotel Corp., 4 Cir., January 2, 1943, 132 F.2d 909, and the taxpayer now contends the case is distinguishable. We think he was right in the first instance.

It being agreed that a rate of eight per cent is proper for the years 1936, 1937, and 1938, the question therefore is, the proper cost basis of the machinery and equipment as of December 31, 1935. This, in turn, depends upon the reduction in the cost basis which must be effected because of depreciation in years prior to 1936, and since depreciation amounts to the sale of property through use, the depreciation allowed or allowable in determining tax liability must be excluded from the value of the property in determining profits from sale or a base for the allowance of depreciation, Helvering v. Virginian Hotel Corporation, 4 Cir., January 2, 1943, 132 F.2d 909.

All the revenue acts which have been enacted since the adoption of the Sixteenth Amendment have uniformly assessed the tax on the basis of annual returns showing the net result of all the taxpayer's transactions during the fixed accounting period, either the particular year, or, at the option of the taxpayer, the particular fiscal year which he may adopt, Burnet v. Sanford & Brooks Co., 282 U.S. 359–363, 51 S.Ct. 150, 75 L.Ed. 383—that is to say, each taxable year for income tax purposes must be regarded as an independent unit, Helvering v. Virginian Hotel Corporation, supra, and in the absence of express provision to the contrary, it is not to be supposed that the taxpayer is authorized to deduct from that year's income, depreciation attributable to other years. Burnet v. Thompson Oil & Gas Co., 283 U.S. 301, 306, 51 S.Ct. 418, 75 L.Ed. 1049.

It is true that § 113(b) (1) (B) of the Revenue Acts of 1936 and 1938 requires that in computing the adjusted basis of property, a reduction shall be taken to the extent allowed (but not less than the amount allowable) for prior years, but there is nothing in the statutes which justifies restoring to the base the depreciation which has been allowed in prior years, merely because such allowance has resulted in no tax benefits, Helvering v. Virginian, etc., supra. Prior to the Revenue Act of 1924, 26 U.S.C.A. Int.Rev.Acts, p. 1 et seq., there was no specific provision with respect to adjustments for earlier depreciation, but it was nevertheless held that the cost basis of property should be reduced by the amount of depreciation which was properly allowable in past years, even though depreciation had been claimed in a less amount, United States v. Ludey, 274 U.S. 295, 47 S. Ct. 608, 71 L.Ed. 1054, or even though there was a net loss after taking into account the amount of depreciation which had been claimed, Hardwick Realty Co. v. Commissioner, 29 F.2d 498. We believe the words "amount allowable" in § 113(b) (1) (B) are to be construed so as to charge the taxpayer, at the minimum, with what appears to be the proper amount of depreciation, even though for earlier years there was no income which could have been offset by a claim of depreciation, Beckridge Corp. v. Commissioner, 2 Cir., 129 F.2d 318.

Since the case was argued the taxpayer has made the point that the decision in the Virginian Hotel case is wrong in view of § 116(a) (12) (A) of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Acts, which defines "bad debt" as "a debt on account of worthlessness or partial worthlessness of which a deduction was allowed for a prior taxable year." In our opinion, that section has no bearing on the instant case.

The order of the Board of Tax Appeals is reversed, and the cause is remanded for such further proceedings as may be deemed advisable and not inconsistent with the views herein expressed.