## BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N v. UNITED STATES.
### No. 24039.

District Court, N. D. California, S. D.

Dec. 5, 1946.

George H. Koster and Bayley Kohlmeier, both of San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., and William E. Licking, Asst. U. S. Atty., both of San Francisco, Cal., for defendant.

ST. SURE, District Judge.

Plaintiff, a national banking association, seeks to recover amounts officially assessed and collected as deficiencies in its income taxes for the calendar years 1938 and 1939. The taxes were paid with reservation of the right to seek refund and, if denied, to test the validity of the collection by legal procedure.

The deficiencies were the result of partial disallowance of respective deductions claimed by plaintiff as depreciation of buildings, furniture and fixtures used in its business.

The disallowance, in part, of deductions claimed as depreciation on furniture and fixtures was predicated on an adjustment of the unexhausted depreciation base as of December 31, 1937, which in turn was based on the so-called residual value of the furniture and fixtures (meaning cost less accumulated depreciation) as of December 31, 1935. The cause was submitted on stipulated facts.

Prior to 1931 the plaintiff deducted from gross income shown on its tax returns the same amounts for depreciation on its furniture and fixtures as it charged off on its books; that is, 8% per annum of original cost and on an estimated useful life of 12½ years. In 1932 the taxpayer estimated the useful life of its furniture and fixtures on hand December 31, 1931; was 12½ years from that date and of new furniture 15 years from date of purchase. Thereupon "it changed its depreciation rate for bookkeeping purposes * * * by using a rate of 8% of the residual value (meaning cost less accumulated depreciation) of the furniture and fixtures on hand December 31, 1931, and 6⅔% on new acquisitions thereafter. Plaintiff, however, continued to compute its depreciation at the rate of 8% per annum on original cost in computing its depreciation on its tax returns for each of the years 1932 to 1937, inclusive." This is to say that for the years 1932 to 1937, inclusive, the taxpayer deducted from gross income on its tax returns a larger amount for depreciation on furniture and fixtures than it charged off on its books. For the years now involved (1938 and 1939) the plaintiff deducted the same amounts as it charged off.

The amended complaint alleges that the taxpayer advised revenue agents who audited its returns of the discrepancy between the depreciation annually deducted and that charged off on its books, but that, because the returns disclosed a net loss for each of the years 1932 to 1935, inclusive, and disallowance of excess amounts deducted would not create a tax liability, official revision of the depreciation schedule was deferred until an audit was made of a return showing a tax liability. Such an audit by revenue agents for the years 1936 to 1939, inclusive, resulted in an adjustment of the depreciation base, as of December 31, 1935. The agents "allowed" as the annual deductions for depreciation the amounts charged off on the books therefor and added to the unexhausted base as of December 31, 1935, the aggregate amount of excess depreciation deducted for each of the years 1932 to 1935, inclusive. This addition was disapproved by the Commissioner.

In auditing the returns for 1936 to 1939, inclusive, the Commissioner determined that as of December 31, 1935, taxpayer's furniture and fixtures on hand had a useful life of ten years from that date. In auditing the returns for 1938 and 1939 he determined that as of December 31, 1937, the same depreciable assets had a useful life of ten years from that date and that new furniture and fixtures would have a useful life of 16⅔ years from date of purchase. In applying this determination to taxpayers returns for 1938 and 1939, the Commissioner used the unexhausted depreciation base as of December 31, 1935, reflected on the tax return for the year 1935; took $1/10$ thereof for each of the years 1936 and 1937, deducted the aggregate amount thereof from the unexhausted base as of December 31, 1935, and computed the residual value as of December 31, 1937. He then determined that $1/10$ of the 1937 residual value was the amount of deduction allowable for depreciation on furniture and fixtures for the years 1938 and 1939. In other words the Commissioner changed the rate of depreciation used by the taxpayer for the years 1936 to 1939, inclusive.

Plaintiff does not question the change of rate of depreciation for the years 1936 to 1939, inclusive. The essence of plaintiff's grievance is that the Commissioner based his computation of allowable deductions for the years 1938 and 1939 on the unexhausted depreciation base as of December 31, 1935, as that base was reflected on its tax returns for the year 1935, but refused to restore or add to that amount the aggregate excess depreciation claimed on the tax returns over the amount charged off on its books. The arguments are that since the amounts charged off on its books were admittedly reasonable allowances for depreci-

ation and that the excess amounts claimed on the tax returns for 1932 to 1935 were neither allowed nor allowable, the aggregate of the excess disallowed by revenue agents should be "restored" to the depreciation base as of December 31, 1935; that the aggregate of such excess amounts to nearly two million dollars which unless added to the unexhausted base or residual value as of December 31, 1935, will be lost so far as tax benefit is concerned; and that the unexhausted base on that date should be the amount reflected on taxpayer's books.

In view of the recent consideration of the applicable statute, Revenue Act of 1938, § 23(n), 52 Stat. 447, 26 U.S.C.A. Int.Rev. Acts, page 1014; §§ 113(a), (b) (1) (B), 114, 26 U.S.C.A. Int.Rev.Code, and the substantial similarity of basic facts, principles and the major part of the argument herein to those presented in Virginian Hotel Corporation of Lynchburg v. Helvering, 4 Cir., 132 F.2d 909, affirmed 319 U.S. 523, 63 S.Ct. 1260, 87 L.Ed. 1561, 152 A.L.R. 871, extended discussion herein and reiteration of the principles enunciated therein, would be of no benefit. It is enough to say that the Supreme Court has definitely settled the following points:

■ 1. The basis on which depreciation is to be allowed is the cost of the property with proper adjustments for depreciation to the extent allowed or allowable.

■ 2. The depreciation base is reduced by the amount allowable each year, whether it is claimed by the taxpayer or not, and it must be reduced even though no tax benefit results from use of depreciation as a deduction.

■ 3. Depreciation cannot be accumulated for deduction in a year in which the taxpayer will receive the most benefit thereby.

■ 4. The purpose of the amendment of the Revenue Act of 1932, 47 Stat. 169, 201, was to foreclose or preclude a taxpayer who had made deductions in excess of the amount allowable from reducing the depreciation base by the lesser amount which was allowable.

5. These principles do not deprive the taxpayer of any portion of allowable deduction.

Plaintiff's argument is that this case is to be distinguished from the Virginian Hotel case, for the reason that in the present instance the excess depreciation was disallowed by revenue auditors, whereas the former case rested upon the express determination by the Supreme Court that the excess had been allowed; and therefore in the instant case the aggregate of disallowed excess should be added to the depreciation base as of December 31, 1935. This contention is not without foundation from a practical standpoint.

■ The argument that the unexhausted base or residual value should be the amount reflected on taxpayer's books as of December 31, 1935, is tantamount to a contention that its books should be substituted for its tax returns. Tax returns are the documents and the figures therein are controlling in the Commissioner's computation or determination of tax liability. I find no authority, statutory or judicial, and none has been cited which would support a contrary conclusion. A taxpayer who or which, for "bookkeeping purposes" deliberately claims on its tax returns a deduction for depreciation larger than it charges off on its books over a period of years, is not in a position to complain when the disadvantage of having done so is made to appear by official disallowance of the excess. It is not unfair nor unjust to compel such a taxpayer to accept the consequences of such procedure even though, as presently asserted, the motive was not ulterior but that the procedure was a mistake. Disclosure of the excessive depreciation claimed and disallowance of its deduction by revenue agents or by the Commissioner does not authorize the latter to rectify the taxpayer's mistake or error of judgment. I am unable to perceive any basis for a different conclusion in this case from that enunciated in the Virginian Hotel Corporation case, supra.

Judgment will be entered in favor of the United States.