## COMMISSIONER OF INTERNAL REVE-NUE v. MUTUAL FERTILIZER CO.

### No. 11693.

Circuit Court of Appeals, Fifth Circuit.
Jan. 29, 1947.

Rehearing Denied Feb. 27, 1947.

Melva M. Graney, Sewall Key, J. Louis Monarch and Helen Goodner, Sp. Assts. to the Atty. Gen., Douglas W. McGregor, Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Claude R. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

John W. Townsend, of Washington, D. C. for respondent.

Before McCORD, WALLER, and LEE, Circuit Judges.

McCORD, Circuit Judge.

The Petition for Review concerns income taxes for taxpayer's fiscal years ended June 30, 1939, 1940, and 1941. The Petition questions the method employed by The Tax Court to determine the adjusted basis for depreciation of taxpayer's plant and equipment. The facts were stipulated, and as stipulated were adopted by The Tax Court.

During the taxable years involved, and at all times material to this proceeding, the

taxpayer, a Georgia corporation, was engaged in the manufacture of fertilizer at its plant in Savannah, Georgia. On tax returns for the fiscal years 1921, 1922, and 1923 the taxpayer did not claim, and was not allowed, depreciation on its plant and equipment. For the fiscal years 1924, 1925, and 1926 it claimed, and was allowed, depreciation on the basis of an estimated useful life of its plant assets of from six to seven years from June 1, 1920. Until the fiscal year 1934 no further depreciation deductions were claimed or allowed. In 1934 and 1935 the taxpayer claimed depreciation, but the Commissioner reduced the amount of depreciation claimed and adjusted the depreciation account upon a determination that the plant assets at that time had an estimated useful life expiring May 31, 1940. Taxpayer acquiesced in this adjustment and depreciation was claimed and allowed on the 20 year useful life basis for subsequent years. For the tax years 1939, 1940, and 1941, however, the Commissioner again adjusted upward the useful life of the plant and determined that its useful life would extend to June 1, 1953. Taxpayer conceded that this revision was proper and that depreciation for the taxable years should be computed on the basis that the plant's useful life would not end until 1953.

Taxpayer's basis for depreciation for the taxable years 1939, 1940, and 1941 was its cost or other basis reduced by the total of amounts "allowed" or "allowable" (whichever is greater) for prior years. United States v. Ludey, 274 U.S. 295, 47 S.Ct. 608, 71 L.Ed. 1054; Section 113(b) (1) (B), Internal Revenue Code, 26 U.S. C.A. Int.Rev.Code, § 113(b) (1) (B); T. R. 103, Secs. 19.23(1)-5, 19.113(b) (1)-1. In determining the adjusted basis for depreciation in the taxable years, the controversy concerns the method of determining the amounts "allowable" for those 10 years in which no depreciation was claimed on

taxpayer's returns and no depreciation was in fact "allowed".[1] The Commissioner determined that the "allowable" depreciation for those prior years should be based on a useful life of 20 years from June 1, 1920. The taxpayer contended that its "allowable" depreciation for those 10 years should be computed on the basis of a useful life of 33 years from June 1, 1920. The Tax Court, four judges dissenting,[2] sustained the taxpayer's contention, and the Commissioner filed Petition for Review.

In disposing of the issue The Tax Court said, "The case is one in which a 20-year useful life period was mistakenly applied in 1934 and it now appears that the proper life span was at all times 33 years. In the circumstances we think it must be held that the depreciation allowable for the years in question should be computed upon the longer useful life period."

We are of opinion the decision of The Tax Court was based on an erroneous application or conception of the pertinent statutes and regulations. A failure of The Tax Court to apply correctly the law and regulations is an error that may be corrected by this court on appeal. Dobson v. Commissioner, 320 U.S 489, 64 S.Ct. 239, 88 L.Ed. 248; Bingham's Trust v. Commissioner, 325 U.S. 365, 371, 65 S.Ct. 1232, 89 L.Ed. 1670.

Section 113(b) (1) (B), 26 U.S.C. A. Int.Rev.Code, § 113(b) (1) (B), provides for adjustment of the basis of depreciation "to the extent allowed (but not less than the amount allowable) under this chapter or prior income tax laws." Section 19.113(b) (1)-1 of the Treasury Regulations is in accord with the statute and provides that "The determination of the amount properly allowable shall, however, be made on the basis of facts reasonably known to exist at the end of such year or period."[3] It is clear from this regulation

---

[1] Taxpayer recognizes that it is bound by the amounts claimed and allowed on prior returns although such amounts exceeded the "allowable" and were claimed in years when there was a net loss. See Virginia Hotel Corp. of Lynchburg v. Helvering, 319 U.S. 523, 63 S.Ct. 1260, 87 L.Ed. 1561, 152 A.L.R. 871.

[2] 5 T.C. 1122.

[3] Sec. 19.113(b) (1)-1 has been included in the regulations since 1934, and Sec. 19.23(1)-5 since 1921. They are deemed to have been recognized and accepted by Congress in the reenactment of the statutory sections. Helvering v. Winmill, 305 U.S. 79, 59 S.Ct. 45, 83 L.Ed. 52; Taft v. Commissioner, 304 U.S. 351, 58 S.Ct. 891, 82 L.Ed. 1393, 116 A.L.R. 346.

that in determining amounts "allowable" for past years in which depreciation was not claimed or "allowed", the facts reasonably existing at the end of each of such years or periods must be looked to; not facts that exist or appear many years later. It is a regulation providing for the determination of "allowable" amounts based on reasonable facts existing at the end of the periods; it does not authorize an application of facts based on the hindsight of later years.

■ The error of The Tax Court lies in its majority's view that it "now appears", years after the end of the periods for which "allowable" amounts must be determined, that 33 years is and was the foreseeable useful life of the plant assets. The crucial factor is not what "now appears", but what "then appeared" to be the useful life of the plant; that is, what reasonably was known and ascertainable at the end of each of such periods as to the reasonably foreseeable useful life of the plant.

■ The Commissioner determined that at the end of those prior periods the reasonable, foreseeable useful life of the plant assets was 20 years from June 1, 1920.[4] The burden was on the taxpayer to establish by proof that the determination of the Commissioner was wrong and that at the end of each of those periods the facts then reasonably known or ascertainable in the light of circumstances then existing, established that the useful life of the plant was ascertainable as 33 years from June 1, 1920. The record contains no such proof and in the absence of such proof the Commissioner's determination must stand.

Because of the failure of The Tax Court to apply correctly the law and pertinent regulations, the decision is reversed and the cause remanded with direction to apply the statute and regulations as indicated and determine respondent's tax liability accordingly.

Reversed and remanded.

Consideration of the provisions of Sec. 19.113(b) (1)-1 is indicated by S.Rep. No. 665, 72d Congress, 1st Sess., p. 29 (1939 Cum.Bull., part 2, 496, 517); "Your committee has not thought it necessary to include an express provision against retroactive adjustments of depreciation on the part of the Treasury as the regulations of the Treasury seem adequate to protect the interests of taxpayers in such cases. These regulations require the depreciation allowances to be made from year to year in accordance with the then known facts and do not permit a retroactive change in these allowances by reason of the facts developed or ascertained after the years for which such allowances are made."

[4] This determination would appear to be liberal in view of the fact that for some of the earlier years taxpayer's claimed and allowed deductions were on the basis of a short useful life of six or seven years. The revisions upward were by the Commissioner.