WILLIAM R. COLLINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33519. Promulgated April 21, 1952.

*David E. W. Chatfield, Esq.*, and *William R. Collins, Esq.*, for the petitioner.

*M. J. Clare, Esq.*, for the respondent.

102

## OPINION.

JOHNSON, *Judge:* The only question under the issue relating to depreciation on the property located at No. 8 Beacon Street is whether respondent allowed petitioner a deduction based upon full ownership of the property after June 22, 1945. The proof here is that the respondent in computing petitioner's rental income on the property increased the deduction of $64.39 taken by petitioner in 1945, based upon one-half ownership, to $96.58 on account of full ownership of the property after June 22, and allowed the full amount of $128.78 in 1946, based upon sole ownership during the entire year. Petitioner not having acquired the interest of the co-owner until June 22 was not entitled to more than one-half of the total allowable depreciation for the property during the first 6 months of the year. For the remainder of 1945, and in 1946, respondent allowed petitioner all of the depreciation which he claims to be entitled to as a deduction. On this issue the respondent is sustained.

The difference between the parties on the second issue is the amount by which the original basis of the property sold should be adjusted for depreciation prior to sale. There is no controversy concerning the time of acquisition, the original cost, the useful life, the selling price of the properties, or the adjustments made for 1938 and subsequent years. The depreciation claimed by petitioner and allowed by the respondent for years prior to 1938 was based upon valuations for local tax purposes and the amount for each asset was less than cost to petitioner. He makes no contention that the statutes in force prior to 1938 did not authorize him to use his original cost as a basis for deductions. The crux of his argument is that respondent was without authority to increase the amounts claimed and allowed for depreciation prior to 1938. Petitioner's method results in an adjusted basis

for all of the property of $22,225.94 less than the amount determined by respondent.

The purpose of allowances for depreciation is to permit a taxpayer to recover his capital outlay, less salvage value, over the useful life of the property, the theory being that a gradual sale is being made while the property is being exhausted. See *United States* v. *Ludey*, 274 U. S. 295, in which the court held that upon the sale of property in 1917 the basis should be reduced by allowable exhaustion without an express statutory requirement for the adjustment. Deductions from gross income are subject to the will of Congress, and amounts thereof allowable by statute must be taken each taxable year, the unit of taxation, and can not be deferred to a future year. *Virginian Hotel Corp.* v. *Helvering*, 319 U. S. 523.

The amount petitioner is entitled to recover as basis on the sale of the property is controlled by the statute applicable to the taxable years, pertinent provisions of which are set forth in the margin.[2] *Elizabeth P. Patterson*, 33 B. T. A. 57.

The question raised by the petitioner is not a new one. In *Beckridge Corporation*, 45 B. T. A. 131, the taxpayer acquired certain real estate in 1931 but did not claim any depreciation thereon prior to 1937, when it sold the property for an amount less than the original cost. It had an operating loss each year before 1937. The Commissioner computed capital gain on the sale by reducing unadjusted cost by the amount of depreciation allowable on the property prior to sale. We held, after considering, among others, the case of *United States* v. *Ludey, supra*, that the Commissioner committed no error in adjusting the taxpayer's basis for depreciation prior to sale even though none was claimed and an operating loss was sustained in each of those years. On appeal the decision was affirmed. 129 F. 2d 318. Like conclusions were reached in *Queensboro Corporation*, 46 B. T. A. 1216, and *Herder* v. *Helvering*, 106 F. 2d 153. In the former case we said:

We hold that, since the useful life was 35 years, depreciation was allowable to a greater extent than that deducted by the petitioner and the basis for figuring the loss upon the foreclosure sale will be reduced by the amount of depreciation allowable.

_____

[2] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property ; except that—

\* \* \* \* \* \* \*

(b) ADJUSTED BASIS.—The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided.

(1) GENERAL RULE.—Proper adjustment in respect of the property shall in all cases be made—

\* \* \* \* \* \* \*

(B) in respect of any period since February 28, 1913, for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent allowed (but not less than the amount allowable) under this chapter or prior income tax laws. \* \* \*

In the latter case the court said:

Failing to take depreciation when it occurs in the prior taxable year does not prevent its inclusion in the determination of the adjusted cost basis of the property, * * *.

citing the *Ludey* case, *supra*.

Petitioner asserts on brief, without discussion of the point, that estoppel prevents adjustment of the amounts claimed by him. The question of estoppel was not pleaded and the issue is not therefore before us. *Helvering* v. *Salvage*, 297 U. S. 106. In any event, "* * * no estoppel can arise against the Commissioner from his acceptance of the return." *Mt. Vernon Trust Co.* v. *Commissioner*, 75 F. 2d 938.

We find no error in respondent's adjustment of the bases of the property for depreciation, allowed or allowable, in prior years.

In his return for 1945, petitioner claimed depreciation of $1,214.80 on the 2202 Park Avenue property on the basis of a full year of life. The property was acquired on September 10, 1925, and no contention is made that the property had a life longer than 20 years, the period used by petitioner and respondent at all times without question for depreciation purposes. Of the amount of depreciation claimed in 1945, respondent allowed $747.55 which was the adjusted cost of the property at the beginning of the year.

Petitioner contends that he is entitled to a full year of depreciation on the grounds that his basis was not used up in that year. The original cost was not exhausted by the deductions claimed prior to the year 1945 because of petitioner's failure to claim the maximum amount allowable by statute.

The basis for depreciation is the same as that for determining gain on the sale of property. Section 114 (a). The same section of the Revenue Act of 1938 contained a like provision. To arrive at the "adjusted basis" under the statute it is necessary "* * * that depreciation theretofore allowed or allowable under the income tax laws must be deducted from the base, "*Helvering* v. *Virginian Hotel Corp.*, 132 F. 2d 909. Such procedure does not involve retroactive application of the statute. The provision merely provides a method for determining whether the taxpayer has any of his original basis for recovery in the taxable year by way of depreciation. Of his original cost, petitioner had no more than $747.55 for recovery as a deduction in 1945. He was not, under the statute, entitled to a greater amount. *Virginian Hotel Corp.* v. *Helvering*, *supra; Kennedy Laundry Co.* v. *Commissioner*, 133 F. 2d 660; *Commissioner* v. *Mutual Fertilizer Co.*, 159 F. 2d 470; and *Commissioner* v. *Cleveland Adolph Mayer Realty Corp.*, 160 F. 2d 1012.

*Decision will be entered for the respondent.*