H. L. Gatlin and M. L. Gatlin, Husband and Wife v. Commissioner.
Gatlin v. Commissioner
Docket No. 70420.
United States Tax Court
T.C. Memo 1960-23; 1960 Tax Ct. Memo LEXIS 267; 19 T.C.M. (CCH) 131; T.C.M. (RIA) 60023; February 19, 1960
S. George Voss, Esq., for the respondent. TRAIN
Memorandum Opinion TRAIN, Judge: The respondent determined a deficiency in the petitioners' income tax for the year 1953 in the amount of $289.20 and additions to tax for the same year under sections 294(d)(1)(A) and 294(d)(2) of the Internal Revenue Code of 1939 in the respective amounts of $39.70 and $26.46. The issues for decision are: (1) Whether the allowable depreciation on milk cows used in the operation *268 of the petitioners' dairy farm for the years 1950 through 1953 should reduce the adjusted basis of these animals for purpose of determining the gain on their sale in 1953; (2) Whether the petitioners' daughter, Lou Ann Timon, qualified as petitioners' dependent for the taxable year 1953; and (3) Whether petitioners are liable for the addition to tax under 294(d)(1)(A) for failure to file a declaration of estimated tax. The respondent has conceded the issue with respect to the addition to tax under section 294(d)(2). Commissioner v. Acker, 361 U.S. 87 (1959). All of the facts are stipulated and are hereby found as stipulated. Petitioners are husband and wife residing at Mansfield, Louisiana. They filed their 1953 return with the district director, New Orleans, Louisiana. In 1950, the petitioners purchased 20 milk cows to be used in the operation of their dairy farm. These milk cows were so used from the date of acquisition until they were sold in 1953. The petitioners did not claim depreciation on these cows on their 1950, 1951, 1952, or 1953 income tax returns, nor were the cows included in their inventory for the purpose of determining profits. Section *269 23(1) of the 1939 Code states that there "shall" be allowed as a deduction "a reasonable allowance for exhaustion, wear and tear * * * (1) of property used in the trade or business, or (2) of property held for the production of income." The milk cows held by the petitioners for dairy purposes fall within the definition of property used in their trade or business under section 117(j)(1), 1939 Code, which states: "For the purposes of this subsection, the term 'property used in the trade or business' means property used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23(1) * * *. Such term also includes livestock * * * held by the taxpayer for * * * dairy purposes, and held by him for 12 months or more from the date of acquisition. * * *" It has long been held that the allowable amount of depreciation must be deducted from the original cost in determining the amount of gain or loss on the sale of property. United States v. Ludey, 274 U.S. 295 (1927). In reporting farm income on a basis where inventories are not used to determine profits, the farmer must include in his gross income (Regulations 118, sec. *270 39.22(a)-7(a)): "The profit from the sale of livestock or other items which were purchased after February 28, 1913, is to be ascertained by deducting the cost from the sales price in the year in which the sale occurs, except that in the case of the sale of animals purchased as draft or work animals or solely for breeding or dairy purposes and not for resale, the profits shall be the amount of any excess of the sales price over the amount representing the difference between the cost and the depreciation theretofore allowed (but not less than the amount allowable) in respect of such property as a deduction in computing net income. [Italics supplied]." To arrive at the adjusted basis of the milk cows in question it is necessary to determine the depreciation which is allowable each year, whether or not it is claimed. Virginian Hotel Co. v. Helvering, 319 U.S. 523 (1943); William R. Collins, 18 T.C. 99, 104 (1952), affd. 203 F. 2d 565 (C.A. 6, 1953). Furthermore, the basis must be reduced by the amount allowable even though the petitioners might not have realized any tax benefit had they claimed the depreciation determined. Virginian Hotel Co. v. Helvering, supra. *271 Consistent with the rules set out above, the petitioners realized gain on the sale of the cows in question as follows: Sales Price in 1953
$3,055.28
Less Adjusted Basis: Cost in 1950
$4,040
Depreciation allow-
able 1950 thru
1952
$1,515
Allowed - 1953
505
2,020
Adjusted Basis of Milk Cows
$2,020.00
Long-Term Capital Gain
$1,035.28
Lou Ann Gatlin Timon is the daughter of the petitioners. During the year 1953, she resided in their home and received over one-half of her support from them. She was married during the entire year of 1953 to William E. Timon, Jr. and was not legally separated though she was living apart from her husband. During the year 1953, her husband earned in Louisiana an aggregate income of $5,015.45. The State of Louisiana is a community property state. William filed a separate return for 1953 on a community basis, reporting one-half of the community income. In a deficiency notice, the Commissioner determined that the other one-half of community income, or $2,507.73, was reportable by Lou Ann and the deficiency was assessed. The fact that Lou Ann was living apart from her husband does not prevent her from being *272 considered as owning one-half of the community income. During the year 1953, the Louisiana marital community had not been dissolved, and she had a present vested interest in the community income. Hopkins v. Bacon, 282 U.S. 122 (1930). During 1953, Lou Ann * had gross income in excess of $600 and as a result petitioners are not entitled to a dependency credit under section 25(b)(1)(D) of the 1939 Code with respect to her. Rayburn E. Hahn, 30 T.C. 195 (1958), affd. 271 F.2d 739 (C.A. 5, 1959). The petitioner, H. L. Gatlin, was self-employed during 1953. He operated a retail store in the name of Farmers Supply Company. For the year 1953 the gross receipts of this company totaled over $65,000 and the gross profit was in excess of $6,800. The statutory requirements for filing a declaration of estimated tax state that the taxpayer must file if "his gross income from sources other than wages * * * can reasonably be expected to exceed $100 for the taxable year and his gross income to be $600 or more." *273 Section 58(a)(2), 1939 Code. The petitioners reasonably could have expected to come within the statutory requirements for filing since during 1952 this same Farmers Supply Company had receipts totaling over $107,504.49, ** a gross profit of $12,131.60 and a net profit of $2,316.08. The petitioners were required to file a declaration of estimated tax for the year 1953 and their failure to file such declaration was not based on reasonable cause. As a result, the petitioners are liable for addition to tax under section 294(d)(1)(A). Decision will be entered under Rule 50. Footnotes
*. The name "Mary Lou" was amended to read "Lou Ann" by an official order of the Tax Court, dated March 10, 1960 and signed by Judge Train↩.
**. The figure "$175,000" was amended to read "$107,504.49" by an official order of the Tax Court, dated March 10, 1960 and signed by Judge Train↩.