MUTUAL FERTILIZER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6027. Promulgated November 28, 1945.

*John W. Townsend, Esq.*, for the petitioner.
*Edward L. Potter, Esq.*, for the respondent.

1124

OPINION.

ARUNDELL, *Judge*: The sole point in controversy is the amount of the "allowable" depreciation on petitioner's plant and equipment for the 10-year period when no depreciation was claimed on petitioner's returns and no depreciation was in fact "allowed."

The amount of the allowance for depreciation is the sum which should be set aside for the taxable year in order that, at the end of the useful life of the property used in the business, the aggregate of the sums set aside will (with the salvage value) suffice to provide an amount equal to the original cost. The theory underlying this allowance for depreciation is that by using up the property a gradual sale is made of it. *United States* v. *Ludey*, 274 U. S. 295. Under the provisions of the revenue act requiring adjustment for depreciation to the extent allowed, but not less than the amount allowable, the depreciation basis must be reduced by the amount "allowable" each year, whether or not it is claimed and irrespective of whether tax benefits result from its use as a deduction. *Virginian Hotel Corporation* v. *Helvering*, 319 U. S. 523.

In its computation petitioner has reduced its cost basis by the amount of depreciation "allowed" for each of the years in which depreciation was claimed, since the amounts "allowed" exceed the amounts

"allowable" therefor under its computation. Petitioner, however, takes the view that the respondent's determinations for 1934 and 1935, while fixing "allowed" deductions for those years, did not constitute an "allowance" for depreciation for the prior 10-year period, 1921 to 1923, inclusive, and 1927 to 1933, inclusive, during which no depreciation was claimed by petitioner or "allowed" by the Commissioner. The respondent, on the other hand, contends that the adjustment to the 1934 return necessarily involved the allowance by the Commissioner of the amount of depreciation which had been allowed or was allowable, and that such adjustment constituted an allowance for depreciation for all years prior to that time.

If in any year a taxpayer has failed to claim, or has been denied, the amount of depreciation to which he was entitled, rectification of the error must be sought through a review of the action of the Bureau of Internal Revenue for that year. *United States* v. *Ludey, supra.* It is apparent that the method used in calculating depreciation claimed by petitioner and allowed by the respondent for the years 1924, 1925, and 1926 was materially different from that adopted by the respondent in 1934. The amounts allowed for those years vary from some $35,000 to $38,000. Several of the years here in question preceded 1924. The facts and circumstances which necessitated such earlier change are not furnished us. In 1934 the respondent determined that the remaining useful life of the assets was 20 years from June 1, 1920, or date of acquisition. Since amounts "allowed" in the 3 earlier years exceeded that "allowable" under the 1934 calculation, they were necessarily undisturbed. Thereafter, until 1939, the petitioner claimed and was allowed depreciation deductions computed on a useful life ending in 1940. It now appears that for petitioner's taxable year 1939 the respondent determined that the useful life was not 20 years, ending in 1940, but 33 years, ending in 1953. The petitioner concedes the new useful life span, but insists that depreciation "allowable" for the open years be calculated on that basis, granting that amounts "allowed" in prior years are set, inasmuch as they exceed that "allowable" under the latest determination.

There is no suggestion whatsoever that the nature and character of petitioner's business have undergone a change or that the use to which the assets in question are put is not the same as in prior years. The case is one in which a 20-year useful life period was mistakenly applied in 1934 and it now appears that the proper life span was at all times 33 years. In the circumstances, we think it must be held that the depreciation "allowable" for the years in question should be computed upon the longer useful life period.

*Commissioner* v. *Kennedy Laundry Co.*, 133 Fed. (2d) 660; certiorari denied, 319 U. S. 770, is not in point here. In that case the taxpayer had claimed and had been allowed depreciation deductions which

were in excess of amounts determined to be allowable for subsequent taxable years. The court held that the taxpayer was not entitled to use the lesser deduction in the earlier years, even though it had failed to benefit from the deductions which it had taken. In the instant case petitioner did not claim depreciation deductions and none were "allowed" in the years with which we are concerned. Here, as in *Commissioner* v. *Kennedy Lumber Co.*, *supra*, the amounts claimed and/or allowed in other tax years may not be disturbed, since for all of those years the amounts "allowed" are in excess of the "allowable" under the computation based on a 33-year useful life. However, under the circumstances here present, the depreciation allowable for the open years on the basis of the shorter useful life should, we think, give way to that allowable under a computation based upon the corrected life span.

The parties have stipulated that other minor adjustments in question here will follow from our conclusion. It is so ordered.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

———

HILL, *J.*, dissenting: The determinative question in this proceeding is the amount of depreciation allowable on petitioner's plant assets for each of its fiscal years 1921 to 1923, inclusive, and 1927 to 1933, inclusive. In arriving at the depreciated or unrecovered cost of the plant as a basis for depreciation allowances in the taxable years before us, respondent determined the allowable depreciation for each of such years designated in the preceding sentence on the basis of a useful life of 20 years from June 1, 1920. Petitioner contends that the allowable depreciation for each of such designated years is determinable on the basis of a useful life of 33 years from June 1, 1920. The burden of proof is on petitioner to show (1) that respondent's determination is incorrect and (2) that at the end of each of such fiscal years the fact was reasonably known, or was reasonably ascertainable in the light of conditions then existing, that the useful life of the plant assets was 33 years from June 1, 1920. *Forrester Box Co.* v. *Commissioner*, 123 Fed. (2d) 225. The Court's holding herein is justifiable only on the theory that the petitioner has met its burden of proof. I think it has not done so.

From the facts of record it appears that petitioner's plant had a depreciated or unrecovered cost basis of $186,103.56 at May 31, 1920. For the fiscal years 1921, 1922, and 1923, no deduction for depreciation was claimed by petitioner in its income tax returns. In those years plus the year 1924 additions were made to the plant in the total amount of $38,408.55, thus making an adjusted plant cost basis of $224,572.11 before depreciation allowances for those years. For 1924 petitioner

claimed and was allowed a deduction for depreciation of $35,727.27. Additions and replacements in 1925 totaled $4,209.13. For that year petitioner claimed and was allowed a deduction for depreciation of $35,782.78. In 1926 additions were made to the plant in the total amount of $10,324.19. For that year petitioner claimed and was allowed a deduction for depreciation of $38,013.82. A computation on the basis of the figures given shows that the depreciation claimed and allowed for the year 1924 was on the basis of an estimated useful life of the plant of a little less than 6 years from June 1, 1920, and for the years 1925 and 1926 such computation shows that depreciation was claimed and allowed on a basis of an estimated useful life of the plant somewhat in excess of 6 years but less than 7 years from June 1, 1920. No deductions for depreciation were claimed by petitioner in its tax returns for the fiscal years 1927 to 1933, inclusive, but additions and replacements for those years plus the year 1934 totaled $44,201.73. For the year 1934 petitioner claimed in its tax return a deduction of $12,628.23 for depreciation. Respondent adjusted the amount of such deduction to $10,254.96, using as a basis of depreciation for such year an estimated useful plant life of 20 years from June 1, 1920. Respondent made an adjustment on the same basis of the depreciation claimed for the year 1935. Petitioner accepted the adjustments so made on the estimated 20-year life basis and also claimed and was allowed on its income tax returns for the years 1936, 1937, and 1938 deductions for depreciation on the same estimated useful life basis. Furthermore, petitioner in its tax returns for the taxable years before us, namely, 1939, 1940, and 1941, claimed deductions for depreciation on the basis of a 20-year useful life from June 1, 1920. In respect of the last 3 years named respondent determined that the plant assets had a useful life of 15 years from July 1, 1938, and adjusted accordingly the deduction for depreciation claimed for those years. Petitioner acquiesces in respondent's determination that from July 1, 1938, its plant had a useful life of 15 years, but contends, contrary to the determination of respondent, that the determination of the unrecovered cost of its plant at the beginning of its taxable year 1939 should be made on the basis of a useful plant life of 33 instead of 20 years from June 1, 1920, in respect of each of the years for which no depreciation was claimed.

The fact that the parties agree that the plant had a useful life of 15 years beginning with the taxable year 1939 does not establish that it was known or that it was reasonably ascertainable prior to that time in the light of conditions then existing that the useful life of the plant was in excess of 20 years. Revised estimates of the life of depreciable property are not uncommon in the light of conditions revealed by the lapse of time and observation of the wearing effects of operation, but such revisions do not disturb the bases for depreciation on prior estimates made in conformity with conditions existing at the

time such prior estimates are made. The majority, in support of its conclusion, says: "There is no suggestion whatsoever that the nature and character of petitioner's business have undergone a change or that the use to which the assets in question are put is not the same as in prior years." That statement establishes no fact, but merely recognizes the absence of a described fact. The absence of such fact does not relieve petitioner of its burden of proof to show that at the end of each of the tax years for which no depreciation was claimed it was known, or was reasonably ascertainable in the light of conditions then existing, that the useful life of the plant was 33 years from June 1, 1920. There is no evidence in the record on this point.

The Treasury regulations require that the amount of allowable depreciation in a given tax year be determined upon the basis of the reasonably known fact of the useful life of the property involved in the light of conditions existing at the end of such year. Secs. 19.23 (1)–5 and 19.113 (b) (1)–1, Regulations 103.

The foregoing is, in my opinion, sufficient to show that petitioner has not made its case, but the following considerations tend to fortify this conclusion. It appears that as to the years 1924, 1925, and 1926 the petitioner, which presumably was in a position to know the condition of its plant assets, claimed depreciation on the basis of an estimated life of approximately 6 years for the plant from June 1, 1920. It is hardly to be assumed that the condition of the plant as of the end of each of those years indicated a different term of useful life from June 1, 1920, from that indicated as of the end of the years 1921, 1922, and 1923. The next affirmative act by the parties hereto in respect of the amount of allowable depreciation was in connection with the claims made therefor in the petitioner's 1934 and 1935 tax returns. Petitioner claimed as to 1934 depreciation based on a useful life of less than 20 years and this claim was adjusted by respondent on the basis of a 20-year useful life. As indicated hereinabove petitioner not only did not protest this adjustment, but he acquiesced therein, and in all of its subsequent tax returns up to and including the year 1941 he affirmatively adopted the 20-year life term from June 1, 1920, and claimed depreciation on that basis. Since the petitioner, in all the years in which it claimed depreciation up to the year 1934, based such claim on a useful life of the plant assets of less than 20 years and beginning with the year 1934 acquiesced in and claimed depreciation on the basis of a 20-year useful life through 1941 and was allowed depreciation on that basis for the years 1934 through 1938, the correct conclusion appears to be, in the absence of proof to the contrary, that as of the end of each of the years in which no depreciation was claimed the fact reasonably known or reasonably ascertainable under the conditions then existing was that the useful life of the plant assets did not exceed 20 years from June 1, 1920.

Petitioner's estimate of the useful life of its plant as indicated by its claims for depreciation for years closely following the years for which no depreciation was claimed should be accorded evidentiary significance indicating petitioner's practical judgment as to the useful life of its plant formed during the period of the latter group of years.

In *United States* v. *Farrell*, 35 Fed. (2d) 38, the court said:

Of course, it is true that the amount claimed by the corporation by way of depreciation is not necessarily the amount at which it should have been determined; but it seems to me that such a claim, set forth in a tax return as an alleged fact, verified under the oath of the corporate officers, has at least the evidentiary value of an admission against interest. It does not conclude the taxpayer, but it certainly does constitute evidence against him.

See also *Hilty Lumber Co.* v. *United States*, 3 Fed. Supp. 657.

BLACK and LEECH, *JJ.*, agree with this dissent.

---

DISNEY, *J.*, dissenting: The statute involved in this matter, section 113 (b) (1) (B) of the Internal Revenue Code, provides, in substance, that the basis shall be adjusted "to the extent allowed (but not less than the amount allowable) * * *," and Regulations 103, section 19.113 (b) (1)–1, on the same subject, provides in part that, "The determination of the amount properly allowable shall, however, be made on the basis of facts reasonably known to exist at the end of such year or period." Such regulation seems to entail a reasonable and valid interpretation of the statute. As I view this situation, the majority opinion disregards the regulation, without saying that it is invalid; and I do not think that it can properly be said to be invalid. Therefore, I think it should be followed. The conclusion of the majority opinion appears altogether to lack a "basis of facts reasonably known to exist at the end of such year or period," that is, the end of the year ending May 31, 1933. The fact that for later years, 1939, 1940, and 1941, it was agreed that the useful life of the plant would expire June 1, 1953, does not, for me, constitute any stipulation applying the above regulation to the earlier years.

*Virginian Hotel Corporation* v. *Helvering*, 319 U. S. 523, appears to me to offer no assistance here. The whole point of that case was that depreciation could be "allowed" or "allowable," even though no tax benefit was had, because of net losses taken. The case seems to add nothing to the statute, and certainly not to the regulation, in a situation where, as in the ten years here involved, depreciation was not claimed at all. *United States* v. *Ludey*, 274 U. S. 295, relied on in the majority opinion, seems to contradict the majority conclusion, for in part it says on this subject:

* * * If in any year he has failed to claim, * * * the amount to which he was entitled, rectification of the error must be sought through a review of the action of the bureau for that year. He cannot choose the year in which he will take a reduction. * * *

Also, although, as above remarked, the *Virginian Hotel Corporation*, is devoted to the problem posed when there is no tax benefit, it is nevertheless interesting that when that case was in the Circuit Court, *Helvering* v. *Virginian Hotel Corporation*, 132 Fed. (2d) 909, the court said:

> It is well settled that allowable depreciation must be deducted from cost in arriving at the base under secs. 114 and 113 (b) even though the deduction of depreciation in prior returns has resulted in no tax benefit, *and even though depreciation may not have been deducted at all in prior returns.* * * * [Italics supplied.]

*Beckridge Corporation* v. *Commissioner*, 129 Fed. (2d) 318, is cited for the statement last quoted. In that case no depreciation had been claimed in the taxpayer's returns and there had been net loss each year. Nevertheless, the depreciation allowable was held deductible from the basis of the property, indicating that the rule does not depend upon deduction of depreciation. Yet, the majority opinion here makes a distinction based upon the fact of no deduction of the depreciation in the returns. In my opinion, we are required by the statute and regulation to adjust the basis by the amount of depreciation allowable under the facts as they appeared at the end of the period when no deductions were claimed. I therefore dissent.