CLEVELAND ADOLPH MAYER REALTY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6104.  Promulgated June 5, 1947.

*Irvin N. Loeser, Esq.*, for the petitioner.
*W. W. Kerr, Esq.*, for the respondent.

### OPINION.

LEMIRE, *Judge*: This proceeding is before us on mandate of the Circuit Court of Appeals for the Sixth Circuit.  In an opinion reported at 6 T. C. 730, on authority of a previous decision of this Court in *Mutual Fertilizer Co.*, 5 T. C. 1122, we held that, where the taxpayer for the years between 1915 and 1940 claimed and was allowed depreciation on a building at the rate of 3 per cent per annum except for 3½ years of that period and, beginning in 1940, it is conceded that the depreciation should have been at the rate of 2 per cent per annum, the depreciation for the said 3½ years not claimed and allowed should be at the rate of 2 per cent rather than 3 per cent.

On review the Circuit Court of Appeals remanded the case to us for further proceedings not inconsistent with the opinion therein.  The opinion of the Court, in part, reads as follows:

The Commissioner asserted that the 3% rate should be used, since depreciation is to be calculated on the facts known at the end of each year and since in the tax periods in question the building had a supposed life of thirty-three and a third years.  If the 2% rate is used, the depreciation for the three and a half years (six months in 1915, all of 1916, 1917 and 1921) in which none was taken, would, on December 21, 1939, aggregate $9,209.60 with a total recovered cost of $113,059.60.  If the 3% rate is used, the aggregate would be $13,814.43, with a total recovered cost of $117,764.43.  Under the taxpayer's claim, undepreciated cost on December 31, 1939, would be $18,406.36, and under the Commissioner's insistence, $13,801.53.  If the larger base is used the allowance for the tax years 1940, 1941 and 1942 would be larger and the tax less.  The Commissioner, using the smaller base determined deficiencies for 1940-1-2.  The Tax Court, following it own decision in *Mutual Fertilizer Co.* v. *Commissioner*, 5 T. C. 1122, decided that the depreciation "allowable" for the years 1915, 1916, 1917 and 1921 should

be computed at the revised rate of 2%; whereupon the Commissioner sought review.

The applicable statutes are Sec. 23 (1) and Sec. 113 (b) (1) (B) of the Internal Revenue Code (26 USC 1940).

Sec. 23 (1) provides in part:

"Sec. 23.—In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(1) DEPRECIATION.—A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business \* \* \*"

Sec. 113 (b) (1) (B) reads in part:

"(b) ADJUSTED BASIS.—The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided.

(1) GENERAL RULE.—Proper adjustment in respect of the property shall in all cases be made—

\* \* \* \* \* \* \*

(B) in respect of any period since February 28, 1913, for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent allowed (but not less than the amount *allowable*) under this chapter or prior income tax laws. \* \* \*" (Italics ours.)

Treasury Regulations 103, Sec. 19.113 (b) (1)–1 (and the same section in effect in T. R. 111), provides in part:

"\* \* \* A taxpayer is not permitted to take advantage in a later year of his prior failure to take any depreciation allowance. \* \* \* *The determination of the amount properly allowable shall, however, be made on the basis of facts reasonably known to exist at the end of such year or period.* \* \* \*" (Italics ours.)

Treasury Regulations 103, Sec. 19.23 (1)–5 providing "Method of computing depreciation allowance" (and the same section in effect in T. R. 111) provide in part:

"\* \* \* The reasonableness of any claim for depreciation shall be determined upon the conditions *known to exist at the end of the period for which the return is made.* \* \* \*

*A taxpayer is not permitted under the law to take advantage in later years of his prior failure to take any depreciation allowance.* \* \* \*" (Italics ours.)

\* \* \* \* \* \* \*

The Circuit Court of Appeals for the Fifth Circuit in reversing the decision of the Tax Court in *Commissioner* v. *Mutual Fertilizer Co.*, supra (January 29, 1947) said:

"The error of the Tax Court lies in its majority's view that it "now appears", years after the end of the periods for which 'allowable' amounts must be determined, that thirty three years is and was the foreseeable useful life of the plant assets. *The crucial factor is not what 'now appears', but what 'then appeared' to be the useful life of the plant; that is, what reasonably was known and ascertainable at the end of such periods as to the reasonably foreseeable useful life of the plant.*" (Italics ours.)

See also *Goss & DeLeeuw Mach. Co.* v. *United States*, 53 Fed. Supp. 853 (DC).

Indeed, the Supreme Court in *Virginian Hotel Corp.* v. *Helvering,* 319 U. S. 523, 525, in a discussion preliminary to its consideration of the main question, makes it abundantly clear that the amount "allowable" for depreciation must be taken "each year." We quote:

> ". . . The basis upon which depreciation is to be 'allowed' is the cost of the property with proper adjustments for depreciation 'to the extent allowed (but not less than the amount allowable) under this Act or prior income tax laws.' That provision makes it plain that the depreciation basis is reduced by the amount 'allowable' *each year whether or not it is claimed.* . . . Moreover the basis must be reduced by that amount even though no tax benefit results from the use of depreciation as a deduction. *Wear and tear do not wait on net income.* Nor can depreciation be accumulated and held for use in that year in which it will bring the taxpayer the most tax benefit. *Congress has elected to make the year the unit of taxation.* . . . *Thus the amount 'allowable' must be taken each year.* . . ." (Italics ours.)

See discussion in *United States* v. *Ludey,* 274 U. S. 295, 300, 301; *Kittredge* v. *Commr.,* 88 Fed. (2d) 632 (CCA 2); *United States Industrial Alcohol Co.* v. *Helvering,* 137 Fed. (2d) 511, 517 (CCA 2). And if depreciation is to be taken each year, it must perforce be taken upon the basis of the understanding of value, existing at that time (at the end of the accounting period), and not, as has been said in the light of "hindsight."

The decision of the Tax Court is reversed and the cause remanded for further proceedings not inconsistent herewith.

In compliance with the mandate of the Circuit Court of Appeals and in accordance with the opinion therein, we hold that the depreciation allowable during six months of the year 1915 and the full years 1916, 1917, and 1921, when no depreciation was claimed and allowed, should be computed at the old rate of 3 per cent per annum rather than the revised rate of 2 per cent used in the years 1940, 1941, and 1942.

*Decision will be entered under Rule 50.*